[No. 2269–3. Division Three. July 20, 1978.]

THE CITY OF SPOKANE, *Respondent,* v. PAUL M. BADEAUX, *Appellant.*

*Herman & Herman* and *Howard H. Herman,* for appellant.

*John Madden, Corporation Counsel,* and *William L. Cameron, Assistant,* for respondent.

McINTURFF, J.—Paul M. Badeaux appeals from convictions of driving while under the influence of intoxicating liquor and negligent driving.

The sole issue is whether he was lawfully arrested after the Spokane Police Department received two calls concerning a hit–and–run accident on the city's south side. Mr. Badeaux contends that if the arrest was invalid, any evidence seized pursuant to it should be suppressed.

On September 6, 1975, John McCarthy heard a loud noise and squealing tires. From his balcony overlooking the city he observed a brown Buick leaving a landscaped buffer strip between a major street and a private drive. He called the police to report that someone was driving around in the bushes. Mr. McCarthy identified himself but was not otherwise known to the police.

In response to the call, Officer Russell was dispatched to investigate. After calling the police, Mr. McCarthy drove to the general vicinity and saw Mr. Badeaux inspecting the brown Buick a short distance from the buffer strip. Mr. McCarthy returned to his balcony and watched the brown Buick being driven to a nearby service station. He called the service station to verify the brown Buick's presence and then reported that information to the police.

In response to the second call, Officer Russell was sent to the service station where he saw Mr. Badeaux sitting in the Buick. About 20 minutes passed from the time the Buick entered the service station lot and the officer arrived. Officer Russell first thought Mr. Badeaux was asleep but he discovered that he was very intoxicated and unable to make an intelligent waiver of his rights. The Buick's engine was running and there was damage to several portions of its exterior. After some discussion with Mr. Badeaux, Officer Russell placed him under arrest for driving while under the influence of intoxicating liquor. The officer later investigated the scene and interviewed Mr. McCarthy. Mr. Badeaux was taken to jail and booked for driving while under the influence, negligent driving and failing to leave information at the scene of an accident.

Mr. Badeaux moved to suppress evidence obtained as the result of his arrest on the ground Officer Russell had no

authority under state statute or city ordinance to effect the arrest. RCW 46.64.017 provides:

A law enforcement officer investigating at the scene of a motor vehicle accident may arrest the driver of a motor vehicle involved in the accident if the officer has probable cause to believe that the driver has committed in connection with the accident a violation of the traffic laws or regulations.

The City of Spokane has an identical ordinance. Mr. Badeaux contended that since the officer who arrested him did not do so at the scene of an accident, his arrest was unlawful and any evidence obtained thereby should have been suppressed. The court denied the motion, reasoning that "the scene of a motor vehicle accident," as set out in the statute, has no specific geographical limits because a hit–and–run accident scene should follow the hit–and–run vehicle.

Although there is a split of authority on the construction of the arrest statute in similar circumstances (compare State ex rel. McDonald v. District Court, 19 Wn. App. 429, 575 P.2d 1094 (1978), with Ross v. State, 215 So. 2d 33 (Fla. Dist. Ct. App. 1968)), we do not reach the question because we find the arrest lawful on grounds other than those contained in RCW 46.64.017.

■ We note first that the driving–while–intoxicated statute also makes it an offense for someone under the influence of drugs or alcohol to be in actual physical control of a vehicle. RCW 46.61.506(1). Secondly, the telephone calls, the officer's confirmation of the vehicle's location and evidence of damage to the vehicle would support a well–founded suspicion of criminal activity sufficient to have allowed the officer to stop Mr. Badeaux and require him to identify himself and explain his activity. See State v. Gluck, 83 Wn.2d 424, 426, 518 P.2d 703 (1974).

Upon inquiring of Mr. Badeaux' activity at the service station parking lot, the officer noted in his report:

He [Mr. Badeaux] had his driver's license out and was apparently looking for something and dozed off. He was

asked what he was doing. I don't think he recognized me as being a Police Officer. His eyes were very bloodshot, he could hardly be understood when he talked because he slurred his words so badly. He was asked what the problem was and all that he would say was that he was having flat tires all day . . . He stated that he was just sitting waiting to have his left front tire changed. The tire was not flat. He would not believe that the tire wasn't flat and got out to look. When he did this he almost fell down. . . . There was quite extensive damage to the left front fender, bumper and grill of [Mr. Badeaux' car] . . . There was also some damage to the right rear fender and bumper.

██ Mr. Badeaux' intoxication, coupled with the running engine of his automobile, provided the officer with probable cause to believe that Mr. Badeaux was in actual physical control of a vehicle while under the influence of intoxicating liquor. Since an officer may arrest for a misdemeanor committed in his presence, *see, e.g., Cerny v. Smith,* 84 Wn.2d 59, 62, 524 P.2d 230 (1974), the arrest of Mr. Badeaux here was lawful. The fact he was later formally charged with another offense does not invalidate an otherwise lawful arrest. *See State v. Vangen,* 72 Wn.2d 548, 553, 433 P.2d 691 (1967).

Judgment of the Superior Court is affirmed.

MUNSON, C.J., and ROE, J., concur.