STATE of Maine

v.

Michael LITTLEFIELD.

Supreme Judicial Court of Maine.

Dec. 5, 1979.

David M. Cox, Dist. Atty., Gary F. Thorne, Asst. Dist. Atty. (orally), Bangor, for plaintiff.

Julio DeSanctis, III (orally), Bangor, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY, NICHOLS and GLASSMAN, JJ.,

POMEROY, Justice.

Defendant was indicted for burglary, Class B, 17–A M.R.S.A. § 401 and theft, Class B, 17–A M.R.S.A. § 353. Prior to trial, defendant moved to suppress all evidence derived from a police surveillance of him on a public street in the vicinity of the crime. After hearing, the motion was denied.

Defendant appeals from the judgment of conviction on both counts entered in Superior Court upon a jury verdict.

Defendant contends on appeal that:

(1) the Justice presiding at the suppression hearing erred in denying the motion to suppress and

(2) the Trial Justice erred by excluding from evidence the proffered statement of a witness made to police.

We deny the appeal.

On December 20, 1978, two Bangor police officers patrolling a residential area in an unmarked car spotted the defendant and one Bradley Meader walking together. Meader was well known to the officers as an individual who had been recently charged with committing house burglaries and who was then on bail. The officers recognized the defendant as someone with whom they had dealt, although they were then unable to recall the defendant's name or to remember specific charges against him. Because a large number of house burglaries had recently occurred in the area, the officers turned the car around and followed the pair several blocks. Losing sight of them when they crossed the street and apparently cut between some houses, the officers thereupon called a cruiser and directed that it be positioned on the street behind the houses. The dispatcher was told to put out a general broadcast to be on the lookout for the two individuals. The officers got out of the car to check the four houses in the area. When no evidence of a break was discovered, the officers departed.

That afternoon a burglary of one of the four houses was reported. A general broadcast was made for the arrest of the defendant and Meader. That same afternoon, the defendant and Meader entered a pawn shop where defendant unsuccessfully attempted to pawn a ring which matched the description of one stolen that day, and a Timex watch. A Bangor patrolman present in the pawn shop arrested Meader, but allowed the defendant to leave. Defendant was arrested that evening at his apartment, which he shared with Linda Burbee.

Defendant originally claimed that he had been at home all day, but on December 21, 1978, the day following his arrest, he made statements essentially confessing the crime to the police. Ms. Burbee corroborated defendant's story that he had been home all day, and, in a statement to police, described details of the burglary and of prior thefts by Meader. At Meader's probable cause hearing, however, she testified that the defendant had been involved, and that Meader and the defendant had actually planned the burglary in her presence.

Defendant filed a motion to suppress the statements he had made to the police. A hearing was held on the motion and it was denied.

Defendant argues before this Court that the presiding Justice erred in denying his motion to suppress because the general police surveillance of him on the street was an unreasonable intrusion on his expectation of privacy in violation of the Fourth Amendment of the Constitution of the United States. It is apparent, however, that no *"search"* or *"seizure"* occurred within the meaning of the Fourth Amendment. Defendant was observed while walking along a public street. *"What a person knowingly exposes to the public . . . is not a subject of Fourth Amendment protection." Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d, 567, (1967). Since the *"surveillance"* did not infringe upon a protected interest, there is no occasion for this Court to discuss the reasonableness of the police activity. *United States v. Dionisio,* 410 U.S. 1, 35 L.Ed.2d 67, 93 S.Ct. 764 (1972). Suffice it to say, it is apparent from the record the police acted appropriately. The motion to suppress was properly denied.

During the trial the defendant called Linda Burbee as a witness. On cross-examination, Ms. Burbee testified that defendant and Meader had planned the burglary in her presence. Defendant on redirect examination sought to admit a portion of Ms. Burbee's statement to the Bangor Police. The State objected that the proffered statement was irrelevant, and the trial court sustained the objection.

As his second issue on appeal, defendant argues that the Trial Court abused its discretion in excluding Ms. Burbee's statement because it was relevant to the credibility of *"Ms. Burbee and others."* Defendant claims that the error was not harmless because the jury, during its deliberations, requested that Ms. Burbee's testimony be read back to them.

The excluded statement detailed numerous crimes that Meader had committed, and reveals that Ms. Burbee knew of this criminal activity. The statement also reveals that Ms. Burbee had wanted Meader, who had been living with the defendant and Ms. Burbee for two weeks, to leave her home once she discovered these facts.

A trial judge has broad discretion in ruling on questions of relevancy during trial. *State v. Kilton,* Me., 387 A.2d 210 (1978). Even assuming the statement was relevant, we conclude that no error was committed under Rule 403, M.R.Evid.[1] *State v. Morton,* Me., 397 A.2d 171 (1979). The excluded statement in no way countered the evidence of defendant's involvement in the charged crimes. There was the danger that admission into evidence of the statement would tend to confuse the issue of defendant's guilt with that of Meader's. *See, State v. Morton, supra.*

We find no abuse of discretion in the exclusion of Ms. Burbee's statement. Accordingly, the entry must be:

Appeal denied.

Judgment affirmed.

---

1. Rule 403, M.R.Evid., provides:

    *Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice,* *confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.*