[No. 8804–1–I. Division One. May 10, 1982.]

CHRIS N. CAMPBELL, *Appellant,* v. THE DEPARTMENT
OF LICENSING, *Respondent.*

*Riach, Gese, Seather & Watts* and *John Watts,* for
appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Kent
Nakamura* and *John Wasberg, Assistants,* for respondent.

ANDERSEN, C.J.—

## FACTS OF CASE

In this civil action, the petitioner, Chris N. Campbell, appeals an order revoking his driver's license because he refused to take a Breathalyzer test after his arrest for driving while under the influence of intoxicating liquor.

The procedural posture of the case and its facts are well summarized in the memorandum decision of the superior court judge before whom the case was tried:

> This is a case wherein the petitioner refused to take a breathalyzer test. There was an administrative hearing adverse to the petitioner, and the matter was heard de novo by this Court.
>
> At the trial the petitioner, through his attorney, admitted that the State could prove all the necessary elements for a charge under the implied consent statute except one. That is, the legality of the arrest. The petitioner's sole defense is that his arrest was illegal, and, therefore, everything following was illegal.
>
> The facts of the arrest were these. The State Trooper was in a northbound position on Highway 99 in Snohomish County. Another motorist drove past and yelled at him that there was a drunk driver headed southbound, and gave a description of the vehicle. The trooper made a U-turn, followed the vehicle to a stop light where the vehicle made a normal stop. When the light turned green the vehicle proceeded normally, and the trooper stopped the vehicle on the other side of the intersection. Upon investigation he found that petitioner did in fact appear to be under the influence of alcohol.

The trial court thereupon held that the stop and arrest were proper and affirmed the administrative revocation of the petitioner's driver's license.

This appeal presents one issue.

## ISSUE

When a citizen informs a police officer that a particular vehicle is being driven by a drunk driver, is the officer then entitled, without more, to stop the vehicle?

## DECISION

CONCLUSION. In the absence of any corroborative information or observation, a police officer is not authorized to stop a vehicle on the sole basis that a passing motorist points to a vehicle and announces that it is being driven by a drunk driver.

 A police officer may make an investigatory stop for suspected drunk driving, but before doing so he must first possess a well founded suspicion based on articulable facts that such a violation has been committed or is presently being committed. *Delaware v. Prouse,* 440 U.S. 648, 663, 59 L. Ed. 2d 660, 99 S. Ct. 1391 (1979); *State v. Larson,* 93 Wn.2d 638, 641–42, 611 P.2d 771 (1980); *Spokane v. Badeaux,* 20 Wn. App. 731, 733, 581 P.2d 1088 (1978). *See* RCW 10.31.100(2)(d).

Further, where, as here, an informant's uncorroborated tip constitutes the sole justification for the officer's initial detention of the suspect, the tip must possess an "indicia of reliability". *State v. Sieler,* 95 Wn.2d 43, 47, 621 P.2d 1272 (1980); *State v. Wakeley,* 29 Wn. App. 238, 241, 628 P.2d 835 (1981). An uncorroborated tip possesses sufficient "indicia of reliability" where (1) the source of the information is reliable[1] *and* (2) the report contains enough objective facts to justify the pursuit and detention of the suspect. *State v. Wakeley, supra.*

> Some underlying factual justification for the informant's conclusion must be revealed so that an assessment of the probable accuracy of the informant's conclusion can be made. It simply "makes no sense to require some 'indicia of reliability' that the informer is personally reliable but nothing at all concerning the source of his information . . . ." 3 W. LaFave, [*Search and Seizure*] § 9.3, at 100. This additional requirement helps prevent investigatory detentions made on the basis of a tip provided by an honest informant who misconstrued innocent conduct. It

---

[1]Since the report in this case came from a citizen informant, we will assume that the officer could properly conclude that the source of the information was reliable. *State v. Wakeley,* 29 Wn. App. 238, 241, 628 P.2d 835 (1981); *see* 1 W. LaFave, *Search and Seizure* § 3.4, at 588 (1978).

also reduces such detentions when an informant, who has given accurate information in the past, decides to fabricate an allegation of criminal activity. *Cf.* Comment, *The Undisclosed Informant and the Fourth Amendment: A Search for Meaningful Standards,* 81 Yale L.J. 703, 713–14 (1972) (noting that informants who have given reliable information in the past not infrequently make false allegations).

*State v. Sieler, supra* at 48–49.

The case before us involves the unusual situation of a police officer on traffic detail stopping an automobile driver for suspicion of drunken driving when the officer has absolutely nothing to suggest that the driver was under the influence of intoxicating liquor except a conclusory tip from an unidentified passing motorist that the driver was drunk.

The passing motorist in this case provided no factual information from which the officer could assess, as he must, the probable accuracy of the motorist's conclusion. *State v. Sieler, supra.* Although the citizen did describe and point out the automobile to the officer, that is not the kind of underlying fact which justifies a stop and detention. *Whiteley v. Warden,* 401 U.S. 560, 567, 28 L. Ed. 2d 306, 91 S. Ct. 1031 (1971); *State v. Lesnick,* 84 Wn.2d 940, 943, 530 P.2d 243 (1975); *State v. McCord,* 19 Wn. App. 250, 254–56, 576 P.2d 892 (1978). In an apparent attempt to corroborate the tip, the officer followed the suspect for some distance but observed no conduct indicative of drunk driving.[2] Thus, the officer could not have subsequently developed a well founded suspicion through his own independent investigation. It follows that the officer's initial stop and detention was unlawful.

The State argues, however, that the initial detention was nonetheless reasonable due to the threat of harm to third parties and the resultant need for an immediate police

---

[2]It is perhaps appropriate to observe that driving while under the influence is not a readily concealed offense. For example, the Washington State Patrol Academy's current training manual lists some 44 different "detection clues", based on the manner in which a vehicle is operated, which indicate that the operator may be under the influence.

response. We agree that the seriousness of the suspected criminal conduct is a relevant consideration in the reasonableness calculus, *e.g., State v. Lesnick, supra* at 944–45, but there must still exist some measure of objective fact from which the conclusion of criminal conduct can reasonably be derived. To hold otherwise would be to expose every citizen's right of privacy against arbitrary invasion by others to the unfettered exercise of an officer's discretion. *State v. Stroud,* 30 Wn. App. 392, 397–98, 634 P.2d 316 (1981), quoting *Brown v. Texas,* 443 U.S. 47, 51, 61 L. Ed. 2d 357, 99 S. Ct. 2637 (1979). This is what the Fourth Amendment was enacted to prevent. "*The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, . . .*" (Italics ours.) U.S. Const. amend. 4.

Because the initial stop was not lawful, the subsequent arrest was not lawful. The facts observed by the officer after the stop were the direct result of the illegal stop and therefore cannot serve as the basis for probable cause. *See State v. Sieler, supra* at 51.

Where the underlying arrest is illegal, the State is without authority to revoke a driver's license for the driver's failure to take a Breathalyzer test. *Fritts v. Department of Motor Vehicles,* 6 Wn. App. 233, 237, 492 P.2d 558 (1971); RCW 46.20.308.

Reversed and dismissed.

JAMES and CORBETT, JJ., concur.