**STATE of Maine**

v.

**Gordon M. KENISTON.**

Supreme Judicial Court of Maine.

Argued Sept. 4, 1984.

Decided Nov. 20, 1984.

Paul Aranson, Dist. Atty., Laurence Gardner, Asst. Dist. Atty. (orally), Portland, for the State.

Becker & Hawkins, Peter J. Becker (orally), Bridgton, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

ROBERTS, Justice.

Gordon M. Keniston appeals his convictions for operating a motor vehicle while under the influence of intoxicating liquor (29 M.R.S.A. § 1312 (Supp.1983)) and operating after suspension (29 M.R.S.A. § 2184 (Supp.1983)) entered after a jury-waived trial in Superior Court, Cumberland County. Citing principles applicable to stop and frisk, illegal arrest, and unlawful search and seizure cases, Keniston argues that the trial court erred by denying his motion to

suppress "all observations made by Officer Manchester of the Bridgton Police Department in the driveway of Defendant's place of residence ... on the grounds that this evidence ... was obtained in violation of Defendant's constitutional rights." We affirm the conviction.

Acting upon an anonymous telephone tip, Officer Manchester followed a car she believed might be operated by Keniston. The officer was acquainted with Keniston. She knew where he lived and that his license was then under suspension. When the car stopped in a driveway and Manchester approached the driver's side, Keniston got out from behind the wheel. An altercation with Keniston, and his arrest, followed.

■ Keniston cites *Campbell v. State of Washington Department of Licensing,* 31 Wash.App. 833, 644 P.2d 1219 (1982) for the proposition that an unsupported tip from a motorist that the driver of a car is drunk does not alone suffice to permit an investigative stop of the car. We need not analyze the evidence corroborating the tip in the case before us because there is no evidence of an investigative stop. We do recognize, however, that an investigative stop might occur even after a driver has physically and voluntarily stopped his car. *See State v. Garland,* 482 A.2d 139 (Me. 1984); *State v. Fillion,* 474 A.2d 187 (Me. 1984). In this case there was no intrusion upon Keniston's liberty prior to the moment Manchester recognized him as the operator of the car. Clearly, at that juncture, Manchester was warranted, not only to stop, but to arrest for the crime of operating after suspension committed in her presence.

■ Keniston apparently argues further, that Manchester's mere entry into a private driveway without a warrant and without probable cause to believe a crime had been committed was in violation of his fourth amendment rights. Once again, we find no need to analyze the evidence to determine whether the existence of probable cause coupled with exigent circumstances justified a warrantless search. From this record it is apparent that Keniston emerged from his car in full view of the neighborhood. He could have been seen by Manchester from the street. It is no search to observe what is exposed to the public. *State v. Littlefield,* 408 A.2d 695 (Me.1979). In fact, the record establishes only that Manchester had entered a private way common to several residences—not an area cloaked with any reasonable expectation of privacy. *See State v. Rand,* 430 A.2d 808 (Me.1981).

Even if Keniston was within his own individual driveway, such an area is not necessarily entitled to fourth amendment protection. In approving conduct of officers that was more intrusive than the conduct we now consider, the Ninth Circuit Court of Appeals commented,

A driveway is only a semiprivate area. The expectation of privacy which a possessor of land may reasonably have while carrying on activities on his driveway will generally depend upon the nature of the activities and the degree of visibility from the street. It would be equally unwise to hold, as a matter of law, that all driveways are protected by the Fourth Amendment from all penetrations by police officers as to hold that no driveway is ever protected from police incursions. The test in each case should be that of reasonableness, both of the possessor's expectations of privacy and of the officers' reasons for being on the driveway.

*United States v. Magana,* 512 F.2d 1169, 1171 (9th Cir.), *cert. denied,* 423 U.S. 826, 96 S.Ct. 42, 46 L.Ed.2d 43 (1975). We conclude that there was no error in upholding such minimal intrusion, if indeed there were any intrusion, demonstrated in the record before us.

The entry is:

Judgment affirmed.

All concurring.