717 So.2d 184 (1998)
Michael Thomas FOY, Appellant,
v.
STATE of Florida, Appellee.
No. 98-167.
District Court of Appeal of Florida, Fifth District.
September 18, 1998.
James B. Gibson, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David H. Foxman, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, M., Senior Judge.
Defendant appeals his conviction on various drug charges, having pled no contest with a specific reservation of his right to appeal the denial of his motion to suppress. We affirm.
After the hearing on the motion to suppress, the trial court made the following findings and conclusions:
On March 13, 1997, Officer McCollum was advised by his dispatcher that an unknown female had called and identified herself as the mother of Defendant. The woman stated that her son had just left her location, that he was driving a car and that he was intoxicated, although she could not say on what. She gave specific descriptions of her son, the car, including the make, model and color of the car and the direction in which she believed her son was driving. Shortly after receiving this information, the officer saw a car matching the description given by the caller, being driven by a male matching the description given by the caller and in the location given by the caller. The officer conducted a traffic stop on the vehicle and identified the driver as Defendant. A subsequent search of the vehicle revealed significant amounts of controlled substances and drug paraphernalia which are the basis for these charges.

*185 Defendant argues that Officer McCollum lacked probable cause to stop and detain him because the stop was based on an anonymous tip, allegedly uncorroborated by the officer. First the Court notes that the relevant standard for an investigatory stop is a reasonable suspicion, a less demanding standard than probable cause. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Second, although the caller was a previously unknown female, the court finds that the tip was not anonymous because the caller identified herself as the mother of the person about whom she was calling. Further, the tip reflects an indicia of reliability because the caller identified herself, and the information she gave regarding Defendant, his car and his whereabouts was specific. In addition, as in Alabama v. White, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (U.S.Ala.1990), the Court finds that given the specificity of the caller's information and the totality of the circumstances, significant aspects of the caller's information were sufficiently corroborated by the officer's own observations to establish reasonable suspicion for the investigatory stop. Finally, the officer's personal observations of a beer can and knife in plain view in the car, along with the odor of alcohol emanating from Defendant's person provided probable cause for the officer to search Defendant's vehicle.
We agree that the caller was not an "anonymous informant" as insisted upon by appellant, but rather a "`citizen informant' whose information is at the high end of the tip reliability scale." State v. Evans, 692 So.2d 216 (Fla. 4th DCA 1997). The traffic stop was based on reasonable suspicion and the search that followed was lawful.
AFFIRMED.
GOSHORN and THOMPSON, JJ., concur.