722 So.2d 863 (1998)
STATE of Florida, Appellant,
v.
Christopher REWIS, Appellee.
No. 98-378.
District Court of Appeal of Florida, Fifth District.
November 20, 1998.
*864 Robert A. Butterworth, Attorney General, Tallahassee, and Kelli R. Orndorff, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Rosemarie Farrell, Assistant Public Defender, Daytona Beach, for Appellee.
ORFINGER, M., Senior Judge.
The state appeals the granting of a dispositive motion to suppress evidence. We affirm.
Several sheriff's deputies were on duty at an interstate highway rest stop where they had been working a traffic detail for construction being done on the highway. As they were closing up their detail and standing near the exit of the rest stop, a tractortrailer (semi) pulled up next to them and stopped. The driver exited his vehicle and told the deputies that he had seen a white Firebird driving down the road, that the car had been weaving on the road, and that he felt the driver was impaired. He gave the deputies the tag number of the Firebird, got back into his vehicle and left the rest stop. The deputies did not know this informant, did not get his identity or identify the semi he was operating.
As the semi was leaving the rest stop, a white Firebird came through the rest stop approaching the exit. The deputies flagged it down and had the driver, the appellee, exit the car. The deputies testified that they saw nothing illegal or improper about the operation of the Firebird, could not tell if it had stopped at the rest stop or was merely rolling through, and stopped it solely because of the truck driver's tip. When they checked the tag number, it matched that given by the truck driver. While one deputy began to check appellee for sobriety, which was never determined, another deputy looked into the vehicle and saw what appeared to be contraband (a white powdery substance in a clear glass bottle) sitting in the open on a seat in the car. The deputy retrieved the bottle, and a field test of the substance tested positive for heroin. Appellee was charged with possession of a controlled substance, and upon his motion, the court suppressed the evidence, holding that there was no legal basis for stopping appellee and detaining him, that the semi driver was an anonymous tipster under the facts here, and that the deputies had not corroborated the facts given in the tip.
The state contends that the driver of the semi was a citizen informant, rather than an anonymous one, whose information is at the high end of the reliability scale. Foy v. State, 717 So.2d 184 (Fla. 5th DCA 1998); State v. Evans, 692 So.2d 216 (Fla. 4th DCA 1997). Appellee contends that the identity of the truck driver was unknown, as was his motive for disclosing the information about the operation of the Firebird, so as to put the tip at the low end of the reliability scale and requiring independent corroboration by the deputies before making the stop. Evans, supra.
Although the deputies were given the tip by the passing driver, for all practical purposes he was an anonymous tipster. His identity is unknown, any means of locating him is unknown, as are his motives for disclosing the information. He might have pointed out the Firebird because he was angered by its driver, might have been cut off by the driver or been the recipient of an obscene gesture, or for any reason other than the one he gave deputies. The deputies had no way to corroborate the information, and agreed at the hearing that they had not themselves seen anything that would have given them reason to stop the Firebird other than the tip.
An investigatory stop must be based on reasonable suspicion. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). As detailed in Evans, supra:
"Not all tips are of equal value in establishing reasonable suspicion; they may vary greatly in their value and reliability... anonymous tips are at the low end of the reliability scale ...
* * * * * *
Because an anonymous caller's basis of knowledge and veracity are typically unknown, these tips justify a stop only once they are sufficiently corroborated by police ... Accord Pinkney v. State, 666 So.2d 590 *865 (Fla. 4th DCA 1996) (anonymous tip requires detailed and specific information corroborated by police investigation; since the informant's veracity, reliability, and basis for knowledge are unknown)." Evans, 692 So.2d at 218. (citations omitted).
In Evans, supra, and in Foy, supra, the tipsters clearly identified themselves, gave detailed information on the alleged violation, and their motives for disclosing the information were readily ascertainable. Thus, their classification as "citizen informants" whose information could be considered reliable was proper. Here, there was absolutely nothing to suggest that the driver of the Firebird was impaired other than a conclusory tip from an unidentified passing motorist. See Campbell v. State of Washington, 31 Wash.App. 833, 644 P.2d 1219 (Wash.App.1982).
The trial court correctly held that there was no reasonable suspicion here to justify the stop, so that the subsequent search was illegal.
AFFIRMED.
THOMPSON and ANTOON, JJ., concur.