771 So.2d 1246 (2000)
Osvaldo Martinez RIVERA, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-2100.
District Court of Appeal of Florida, Second District.
November 8, 2000.
*1247 James Marion Moorman, Public Defender, and Cynthia J. Dodge, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Judge.
Osvaldo Martinez Rivera appeals his judgments for carrying a concealed firearm and possession of heroin. He argues that the trial court erred in denying his motion to suppress in which Rivera alleged that there was no reasonable suspicion to stop a car in which he was a passenger. We agree and reverse.
An unidentified motorist informed the Tampa Police Department that he had observed a white Mazda and a maroon Toyota, bearing a specific tag number, exchange gunfire at West Gandy Boulevard and South Dale Mabry Highway. A Tampa police officer then saw a white Mazda and a red Toyota Camry entering the northbound I-275 ramp from Dale Mabry. The Toyota, whose tag number matched the tip, was stopped in Ybor City.
Rivera argues, and we agree, that the BOLO did not give police a reasonable suspicion to stop the car because the source of the BOLO information was an anonymous tip. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) (holding that an investigatory stop must be based on reasonable suspicion). In Hunter v. State, 660 So.2d 244, 249 (Fla.1995), the Florida Supreme Court held that several factors must be considered in assessing the legality of a stop based on a BOLO: "(1) the length of time and distance from the offense; (2) route of flight; (3) specificity of the description of the vehicle and its occupants; and (4) the source of the BOLO information."
In State v. Rewis, 722 So.2d 863 (Fla. 5th DCA 1998), the driver of a tractor-trailer pulled up next to deputies and informed them that he had observed a white Firebird weaving on the road and that he felt the driver was impaired. The driver of the truck left before the deputies obtained his identity. Thereafter, the deputies stopped the white Firebird based solely on the truck driver's tip. The Fifth District cited State v. Evans, 692 So.2d 216 (Fla. 4th DCA 1997), for the proposition that, since an anonymous informant's basis of knowledge and veracity are typically unknown, such tips justify a stop only when they are sufficiently corroborated by police. See 722 So.2d at 864-865. The court held that there was no reasonable suspicion to justify the stop in that case because there was no evidence, other than the anonymous tip, that the driver of the Firebird was impaired. Id.
*1248 In Solino v. State, 763 So.2d 1249 (Fla. 4th DCA 2000), the Fourth District followed the Fifth District's reasoning in Rewis. In Solino, the appellant's vehicle was stopped based solely on an unidentified motorist's statement that a bottle had been thrown from the window of the appellant's car. The Fourth District ruled that the anonymous tip did not provide a sufficient basis to establish reasonable suspicion to stop the car. See 763 So.2d at 1252.
The case at bar is similar to Rewis and Solino. The BOLO was based solely on information provided by an unidentified motorist. Although the motorist reported that two vehicles were exchanging gunfire, police observed nothing to corroborate that claim. There is no evidence in the record that police observed any unusual behavior, such as tailgating or an attempt to communicate. Therefore, as in Rewis and Solino, the anonymous tip in this case did not provide a sufficient basis to establish reasonable suspicion to stop the car.
The State argues that this case is an exception to the anonymous tip rule because the danger alleged in the tip was so great that it justified the stop even without a showing of reliability. We disagree. The United States Supreme Court expressly declined to create a "firearm exception" in Florida v. J.L., 529 U.S. 266, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000). The Court reasoned, "Such an exception would enable any person seeking to harass another to set in motion an intrusive, embarrassing police search of the targeted person simply by placing an anonymous call falsely reporting the target's unlawful carriage of a gun." 120 S.Ct. at 1380. Although the present case involves the alleged unlawful use of a gun, the same reasoning would apply.
Reversed and remanded.
PARKER, A.C.J., and FULMER, J., Concur.