884 So.2d 330 (2004)
STATE of Florida, Appellant,
v.
Noemi GONZALEZ, Jose Antonio Santana, Jr., and Miguel Angel Gonzalez, Appellees.
No. 2D03-1463.
District Court of Appeal of Florida, Second District.
September 10, 2004.
*332 Charles J. Crist, Jr., Attorney General, Tallahassee, and Susan M. Shanahan, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Maureen E. Surber, Assistant Public Defender, Bartow, for Appellees.
COVINGTON, Judge.
The State appeals the trial court's orders granting Appellees' motions to suppress cocaine and drug paraphernalia police found in their home. The State argues the trial court erred in ruling that the affidavit supporting the arrest warrant failed to allege facts sufficient to show probable cause and that the warrant was thus invalid. Because we conclude the trial court erred in ruling the affidavit was insufficient, we reverse.
On July 25, 2002, Corporal Charles Phillippi, with the City of Temple Terrace Police Department, filed an affidavit for search warrant of the residence located at 204 Park Ridge Avenue in Temple Terrace. The affidavit indicated that the premises were occupied and under the control of Noemi Gonzalez and Miguel Gonzalez. The affidavit set forth the following grounds as probable cause to issue the warrant:
On 7/25/2002, SPO Mike Hensel of the Temple Terrace police Department received a call to go to 102 Deer Park Ave. in reference to a drug call. Upon arrival officers Mike Hensel and Karen Walter met with complainant, Jaxira N. Colon DOB/09-19-85 (w-1) and Jessica Beatrice Vega 07-03-88(w-2). W-1 Colon, advised officers that on 07-24-02 She went into her parents room to use the computer to get on the internet. W-1 observed a small safe next to her parents bed and opened same which was unlocked. W-1 observed small jewelry bags, baggies with white powder and a baggie with vials of liquid. Some of the baggies have cocaine written on them. W-1 then told W-2/Vega what she saw and showed same to her. W-1 along with W-2 discussed what they were going to do. W-1 called police today, after checking to see that the items were still in the safe. Also in the safe, a weight scale was observed with the listed items.
A search warrant was issued and executed on July 25, 2002. The officers found a fire safe in the parents' bedroom that contained baggies, a small scale, glass vials, and a cut straw, all of which contained cocaine residue. Also found inside the safe were cocaine test kits, a Virginia driver's license with cocaine residue, a plastic baggie of white powder, and other miscellaneous items.
*333 Appellees Noemi Gonzalez, Miguel Gonzalez, and Jose Santana were charged by information with possession of cocaine and possession of drug paraphernalia. Noemi Gonzalez was also charged with obstructing an officer without violence. Appellees filed identical motions to suppress the drugs found in their home, contesting the validity of the search warrant. After a hearing, the trial court granted the motions to suppress and dismissed their cases.
For a warrant to issue, the issuing magistrate must find probable cause to believe that the contraband is presently in the residence. State v. Bernie, 472 So.2d 1243, 1246 (Fla. 2d DCA 1985).
The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.
Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); see also Alabama v. White, 496 U.S. 325, 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990).
"The duty of the reviewing [trial] court is to ensure that the magistrate had a substantial basis for concluding that probable cause existed, and this determination must be made by examining the four corners of the affidavit." Garcia v. State, 872 So.2d 326, 329 (Fla. 2d DCA 2004) (citing Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527). "[T]he resolution in marginal cases should be largely determined by the strong preference for searches conducted pursuant to a warrant." State v. Stevenson, 707 So.2d 902, 903 (Fla. 2d DCA 1998). The trial court should not disturb the issuing magistrate's determination absent a clear demonstration that she abused her discretion. State v. Price, 564 So.2d 1239, 1241 (Fla. 5th DCA 1990). "The trial court's determination of the legal issue of probable cause is, however, subject to the de novo standard of review." Pagan v. State, 830 So.2d 792, 806 (Fla.2002).
The issue here is whether the factual allegations in the affidavit, including the hearsay evidence provided by the informants' calls, were sufficient for the magistrate who issued the warrant to find a fair probability that contraband would be found in the residence. An affidavit's reliance on hearsay does not render it insufficient as long as there is a substantial basis for crediting the hearsay. Gates, 462 U.S. at 241-42, 103 S.Ct. 2317.
"Obviously any reliance upon factual allegations necessarily entails some degree of reliability upon the credibility of the source.... Nor does it indicate that each factual allegation which the affiant puts forth must be independently documented, or that each and every fact which contributed to his conclusions be spelled out in the complaint.... It simply requires that enough information be presented to the Commissioner to enable him to make the judgment that the charges are not capricious and are sufficiently supported to justify bringing into play the further steps of the criminal process."
Id. at 231 n. 6, 103 S.Ct. 2317 (quoting Jaben v. United States, 381 U.S. 214, 224-25, 85 S.Ct. 1365, 14 L.Ed.2d 345 (1965)). "[P]robable cause is a fluid conceptturning on the assessment of probabilities in particular factual contextsnot readily, or even usefully, reduced to a neat set of legal rules." Gates, 462 U.S. at 232, 103 S.Ct. 2317.
*334 "Informants' tips doubtless come in many shapes and sizes from many different types of persons." Id. A tip from an anonymous informant generally requires independent police corroboration in order to be considered credible. State v. Maynard, 783 So.2d 226, 230 (Fla.2001). Corroboration is not required, however, at the other end of the spectrum where the tip comes from a "`citizen-informant,' whose information is at the high end of the tip-reliability scale." Id. at 230. See also Foy v. State, 717 So.2d 184, 185 (Fla. 5th DCA 1998), approved sub nom Maynard, 783 So.2d 226.
In Maynard, where the facts surrounding the tip were similar to the facts here, the supreme court held the caller was a citizen-informant and the tip was thus reliable without further corroboration. See 783 So.2d at 230. In that case, Maynard's mother called police and reported that her son had a Mac-10 Uzi machine gun in his backpack. Id. at 227. He was arrested and charged with carrying a concealed firearm. Id. at 227. The supreme court held the telephone tip was sufficiently reliable to justify stopping Maynard because the mother qualified as a "`citizen-informant,' whose information is at the high end of the tip-reliability scale," rather than an anonymous informant whose identity required corroboration. Id. at 230. The informant's identity as Maynard's mother was readily ascertainable because she gave her name and location, and her statement to the police that she was the suspect's mother demonstrated the basis of her knowledge and veracity. Id.
Like the mother in Maynard, the daughters here qualify as citizen-informants. Their identities were readily ascertainable because they gave their names and location, and their statements to the police that they were the suspects' daughters demonstrated the basis of their knowledge and veracity. And as the court observed in Maynard, we observe in this case that there is no indication the daughters were motivated by anything other than concern for the safety of their parents and others. See 783 So.2d at 230. Additionally here, the statement in the affidavit that one of the daughters called back after making sure the drugs were still present provided further indicia that it was likely police would find drugs there.
Reviewing de novo the trial court's decision, we cannot say the magistrate abused her discretion in finding that, under the Gates totality of the circumstances standard, there was a fair probability that contraband would be found in the residence and in issuing the warrant. Accordingly, we hold the trial court erred in its legal determination that the warrant was invalid. We remand for further proceedings consistent with this opinion.
Reversed and remanded.
KELLY and WALLACE, JJ., Concur.