958 So.2d 455 (2007)
STATE of Florida, Appellant,
v.
James Laird WOLDRIDGE, Appellee.
No. 2D06-2466.
District Court of Appeal of Florida, Second District.
May 4, 2007.
*457 Bill McCollum, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellant.
Joseph A. Eustace, Jr., of Anthony J. LaSpada, P.A., Tampa, for Appellee.
PER CURIAM.
The State appeals the trial court's order granting James Woldridge's motion to suppress evidence seized pursuant to a search warrant for his residence. The trial court found that the warrant application contained insufficient information about the source of a tip to establish probable cause. Because the trial court focused its attention on an entity that was not the actual source of the tip, the trial court erred in finding that the magistrate abused his discretion in issuing the warrant. Accordingly, we reverse.
Woldridge was charged by information with ten counts of possession of child pornography in violation of section 827.071(5), Florida Statutes (2004). He filed a motion to suppress the evidence seized from his residence on the grounds that the information contained in the affidavit for the search warrant was legally insufficient to support a finding of probable cause.
The affidavit supporting the search warrant application related that Officer Margaret Grow of the Hillsborough County Sheriff's Office had received four reports from the National Center for Missing and Exploited Children (NCMEC) which related that America Online (AOL) had reported that an AOL user with a specific screen name had attempted to e-mail files containing child pornography. After receiving the reports and reviewing the images, Grow subpoenaed AOL for the subscriber information for the specified screen name. In response to the subpoena, AOL identified Woldridge as the account holder of the screen name. Grow's affidavit then detailed the additional investigation she conducted to confirm where Woldridge was living and receiving internet service. It also detailed Grow's background in the investigation of on-line child pornography cases and provided background information concerning the characteristics of individuals who use the internet to view and exchange "cyberporn."
The warrant application sought a warrant to search Woldridge's home for "computer *458 equipment," which it defined to include various computer and electronic "storage devices." After reviewing the warrant application, including the affidavit prepared by Grow, the magistrate issued a search warrant for Woldridge's home. Pursuant to the search warrant, officers seized Woldridge's computer and found various pornographic images of children on the hard drive.
In Woldridge's motion to suppress the evidence seized pursuant to the search warrant, he argued that the warrant application was insufficient to establish probable cause because the affidavit in support of the application contained no information concerning the veracity or basis of knowledge of NCMEC, which he identified as the alleged tipster. The State, on the other hand, argued that AOL was the only tipster involved and that its tip was presumptively reliable because AOL was a "citizen-informant." The trial court granted the motion to suppress, finding the application legally insufficient to establish probable cause because the affidavit did not contain sufficient information to establish the reliability of NCMEC. This appeal followed.
For a warrant to issue, the issuing magistrate must find probable cause to believe that the contraband is presently in the residence. State v. Bernie, 472 So.2d 1243, 1246 (Fla. 2d DCA 1985).
The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); see also Alabama v. White, 496 U.S. 325, 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990).
State v. Gonzalez, 884 So.2d 330, 333 (Fla. 2d DCA 2004); see also Pagan v. State, 830 So.2d 792, 806 (Fla.2002). Because the determination of probable cause must be made from the four corners of the affidavit, the affidavit itself must contain either information concerning the informant's veracity or sufficient independent corroborating evidence. Pagan, 830 So.2d at 806-07.
When a trial court is called upon to review a magistrate's decision to issue a search warrant, the trial court does not conduct a de novo determination of whether there was probable cause to issue the warrant. Bonilla v. State, 579 So.2d 802, 805 (Fla. 5th DCA 1991). Instead, the trial court determines only whether substantial evidence supported the magistrate's determination that probable cause existed. Id.; see also Gonzalez, 884 So.2d at 333; Garcia v. State, 872 So.2d 326, 329 (Fla. 2d DCA 2004). Thus, the trial court should not disturb an issuing magistrate's determination absent a clear demonstration that the magistrate abused his discretion in relying on the information in the affidavit supporting the warrant application to find probable cause. State v. Price, 564 So.2d 1239, 1241 (Fla. 5th DCA 1990).
In this appeal, the State argues that the trial court erred in focusing its attention on the reliability of NCMEC. As it did in the trial court, the State argues that AOL was the only tipster involved and that its tip was presumptively reliable because AOL was a "citizen informant." We agree that AOL was the only tipster. Additionally, although we hesitate to hold that, as a matter of law, a corporation can always be a citizen informant, we hold that AOL's compliance with a federal *459 law mandating that it report Woldridge's activities to NCMEC provides a presumption of reliability akin to that afforded a citizen informant. Accordingly, we hold that the affidavit at issue provided probable cause to issue the search warrant.
First, it is clear from the search warrant affidavit that the tip came from AOL, not NCMEC. The pertinent part of the affidavit states:
Affiant received four reports from the National Center for Missing and Exploited Children. The four reports from the National Center for Missing and Exploited Children listed the Internet Service Provider America Online (AOL) reporting an AOL user twithtt@aol.com who attempted to email files depicting child pornography.
(Emphasis added.) From this language, it is clear that the relevant information originated with AOL, not NCMEC. Thus, AOL was the only "tipster" involved, and the critical question for the issuing magistrate was the reliability of AOL, not NCMEC.
Second, the reliability of the tip from AOL can be presumed because federal law compelled AOL's report to NCMEC. Although not mentioned by either party in their briefs, AOL was required to report the attempted transmission of these child pornography images to NCMEC for forwarding to law enforcement. Under 42 U.S.C. § 13032(b)(1) (2004), any internet service provider that obtains facts from which a violation of federal child pornography laws is apparent must report the facts and circumstances to the Cyber Tip Line at NCMEC. NCMEC then forwards the reported information to both state and federal law enforcement officials. 42 U.S.C. § 13032(b)(1), (b)(3). An internet service provider that fails to report such facts is subject to significant fines. 42 U.S.C. § 13032(b)(4).
We find that this statutory reporting requirement supports the reliability of AOL's tip. Contrary to Woldridge's position at oral argument, the possibility of the imposition of fines for failing to report the transmission of child pornography does not make AOL's tip less reliable. Nothing about the possible imposition of fines would encourage AOL to make false reports to NCMEC. Further, while it is true that the search warrant affidavit does not reference this statutory mandate, the magistrate and the trial court, like all citizens, are charged with knowing the applicable law.
In addition, AOL was acting in a manner analogous to that of a citizen informant when it forwarded the information to NCMEC. "A citizen-informant is one who is `motivated not by pecuniary gain, but by the desire to further justice.'" State v. Maynard, 783 So.2d 226, 230 (Fla.2001) (quoting State v. Evans, 692 So.2d 216, 219 (Fla. 4th DCA 1997) (quoting State v. Talbott, 425 So.2d 600, 602 n. 1 (Fla. 4th DCA 1982), and Barfield v. State, 396 So.2d 793, 796 (Fla. 1st DCA 1981))). A citizen informant is one who "by happenstance finds himself in the position of a victim of or a witness to criminal conduct and thereafter relates to the police what he knows as a matter of civic duty." Evans, 692 So.2d at 219 (quoting Wayne R. LaFave, Search and Seizure § 3.3 (3d ed.1996)). As a general rule, the reliability of a tip from a citizen informant is presumed, and corroboration of the tip is not generally required. Maynard, 783 So.2d at 228; Gonzalez, 884 So.2d at 334.
Here, AOL discovered pornographic images of children attached to an e-mail that an AOL subscriber with a particular screen name attempted to transmit through the AOL server. At that point, AOL was in possession of the images, *460 which it forwarded along with the subscriber's screen name to law enforcement through NCMEC. Thus, the information did not come to law enforcement from an anonymous source; it came from a recognized, well-established internet service provider. Moreover, AOL essentially witnessed the crime when it received the images from the subscriber. Under these circumstances, AOL was in substantially the same position as a citizen informant, whose reliability can be presumed for purposes of the magistrate's probable cause determination. See State v. Sisson, 883 A.2d 868, 880 (Del.Super.Ct.2005), aff'd, 903 A.2d 288 (Del.2006).
In an effort to support the trial court's ruling, Woldridge argues that the State was obligated to include in the search warrant the name of the actual AOL employee who identified the images and information concerning that employee's reliability. However, Woldridge points to no case supporting his position. Instead, the only reported authority that we have found concerning the issue specifically rejects Woldridge's argument.
In United States v. Kling, 2006 WL 1980179 (N.D.Iowa July 12, 2006), the defendant, who was charged with possession of child pornography, moved to suppress the evidence seized pursuant to a search warrant, arguing that the warrant application was insufficient. The warrant affidavit in that case stated that the internet service provider Yahoo had reported to NCMEC that an individual using a specific email address had "uploaded or transmitted" images of child pornography. Id. at *5. NCMEC forwarded the information to police, who served subpoenas on Yahoo to obtain information concerning the specified email address. Id. The affidavit then explained how the officers had located and verified the residence at which Kling was living and receiving internet service. Id.
In his motion to suppress, Kling argued that the warrant failed to establish the reliability of the information provided by Yahoo because it did not specify the identity of the particular Yahoo employee who provided the information nor did it give any information regarding that person's reliability. In rejecting this argument, the court first noted that Kling cited to no case, nor could it find one, that would support "the proposition that information received from an Internet Service Provider may be suspect unless the veracity of the specific individual who provides the information is supported in the warrant application." Id. at *6. The court then noted:
Courts routinely consider information provided by ISPs and e-mail providers just as they consider information provided by financial institutions, credit card issuers, and utility companies. . . . Except in unusual circumstances, courts do not require information regarding the credibility of a records custodian or other company employee who verifies business records. What the agents received from Yahoo was just thatbusiness records of who had accessed a Yahoo group and what those individuals had uploaded or downloaded from the group's site.
Id.
Here, Woldridge, like Kling, has failed to cite any case, and this court has been unable to find one, that requires a search warrant affidavit to contain information regarding the reliability of the custodian of business records when those records are used to supply probable cause for a search warrant. In this case, AOL, as required by federal law, provided its business records concerning the content of specific e-mails from a specific subscriber to NCMEC for it to forward to law enforcement. Woldridge has offered no basis for the trial court or this court to conclude that the business records provided by AOL *461 were unreliable. Under these circumstances, there was no basis for the trial court to find that the magistrate abused his discretion in issuing the search warrant based on the information provided by AOL.
Woldridge also argues that the trial court's factual findings concerning the omission of the information concerning NCMEC from the affidavit are entitled to deference. Woldridge is correct on this issue, and this court does not dispute those factual findings. However, the trial court's conclusion that those omissions resulted in the search warrant application being insufficient to establish probable cause is subject to de novo review. Pagan, 830 So.2d at 806; Gonzalez, 884 So.2d at 333. Here, because the actual tip came from AOL, the omissions identified by the trial court relating to NCMEC were immaterial to the determination of probable cause. Accordingly, the trial court's legal conclusion that the affidavit did not establish probable cause was incorrect, and thus it erred in concluding that the magistrate abused his discretion in issuing the warrant.
Based on the foregoing, we reverse the order suppressing the evidence and remand for further proceedings. However, because of the dearth of case law on this issue and the increasing frequency of prosecutions arising out of internet sex crimes, we certify the following question as one of great public importance:
WHETHER INFORMATION PROVIDED TO LAW ENFORCEMENT BY AN INTERNET SERVICE PROVIDER PURSUANT TO THE PROVIDER'S STATUTORY OBLIGATION UNDER 42 U.S.C. § 13032(b) IS ACCORDED A PRESUMPTION OF RELIABILITY AKIN TO THAT OF A CITIZEN INFORMANT SUCH THAT NO INFORMATION CONCERNING THE RELIABILITY OF THE "TIPSTER" IS NECESSARY TO PROVIDE PROBABLE CAUSE FOR THE ISSUANCE OF A SEARCH WARRANT.
Reversed and remanded.
NORTHCUTT and LaROSE, JJ., and THREADGILL, EDWARD F., Senior Judge, Concur.