KELLY, Judge.
The State appeals from the trial court’s order granting the motion to suppress evidence seized pursuant to a search warrant executed at Tommy Thomas’s residence. We reverse because the search warrant affidavit contained sufficient facts to support the issuing judge’s determination of probable cause.
At the hearing on the motion to suppress, Detective Joshua Shelton testified that he received an anonymous tip from Crime Stoppers that Thomas was growing cannabis in his yard, that cannabis packaged for sale was stored in Thomas’s freezer, and that Thomas sold cannabis from his residence hnd from his vehicle. The tip also indicated that Thomas was selling prescription pills. From surveillance on the ground, Detective Shelton could not verify that cannabis plants were growing in Thomas’s back yard because of an eight foot high privacy fence surrounding the property. Consequently, Detective Shelton conducted aerial surveillance of Thomas’s yard from a helicopter. The flyover did not reveal a cannabis growing operation; however, the detective suspected that the cannabis may have been housed in two sheds in the yard. He observed that Thomas’s privacy fence was lined on the inside with green fabric, which he interpreted as an additional attempt to conceal a clandestine operation. Detective Shelton then conducted two trash pulls of the garbage bins set out for collection in front of Thomas’s house. The first trash pull revealed ten burnt cannabis cigarettes, four cannabis stems, and a prescription bottle in Thomas’s name. The second trash pqll, conducted a week later, revealed more cannabis leaves and stems, and two pill bottles with Thomas’s name on them. Detective Shelton testified that the cannabis stems were longer than what is normally found in processed cannabis, which led him “to believe that cannabis plants may be on the premises as opposed to just processed or harvested cannabis buds.”
When Detective Shelton applied for a search warrant, he set forth in the probable cause affidavit everything he observed *1284 from the flyover he believed was relevant to the investigation, such as the fabric-lined privacy fence and the two sheds, but he did not mention the flyover or the photographs taken from the helicopter in his affidavit or in his police report because he did not believe it was necessary to reveal his method of surveillance. The affidavit also described the items found in the trash pulls and noted Thomas’s criminal history of convictions for drug-related offenses.
The trial court granted the motion to suppress, finding that the failure of the detective to inform the issuing judge that the flyover of Thomas’s property did not reveal evidence of cannabis growing in the back yard negated a finding of probable cause, citing Pilieci v. State, 991 So.2d 883 (Fla. 2d DCA 2008). In Pilieci, this court held that if a defendant establishes that law enforcement omitted material facts with the intent to make the affidavit misleading and the omitted facts would defeat a finding of probable cause, the trial court must suppress the fruits of the search. Id. at 893.
The State argues on appeal that the affidavit was not misleading and that the facts set forth — including the Crime Stoppers’ tip, the evidence found in Thomas’s trash bins, the eight-foot-high wooden privacy fence lined on the inside with green fabric, and Thomas’s numerous prior drug convictions — were sufficient for the issuing judge to make a practical, commonsense decision that criminal activity was ongoing on the property. We agree.
When a defendant alleges that law enforcement omitted material facts with the intent to make the affidavit misleading, “(1) the reviewing court must determine whether the omitted material, if added to the affidavit, would have defeated probable cause, and (2) the reviewing court must find that the omission resulted from intentional or reckless police conduct that amounts to deception.” Johnson v. State, 660 So.2d 648, 655-56 (Fla.1995); Pilieci, 991 So.2d at 893. Here the omitted fact was that the detective did not see cannabis growing in the backyard during the flyover. This information, if added to the affidavit, would not' defeat a finding of probable cause.
The facts presented to the issuing judge established probable cause that evidence of a crime would be found at the residence. See State v. Colitto, 929 So.2d 654, 656 (Fla. 4th DCA 2006); see also § 933.18(5), Fla. Stat. (2010) (authorizing search warrants for private dwellings where “narcotics or drug abuse” Jaws are being violated). “The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him ... there is a fair probability that contraband or evidence of a crime will be found in a particular place.” Colitto, 929 So.2d at 656 (quoting Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). One factor which may be considered in determining whether the information is sufficient to support probable cause is “a pattern of continuous drug activity.” See Cruz v. State, 788 So.2d 375, 378 (Fla. 4th DCA 2001). The contraband obtained from Thomas’s trash bin on two separate occasions is evidence of continuous drug activity. See State v. Stevenson, 707 So.2d 902, 903 (Fla. 2d DCA 1998) (“ ‘The fact that marijuana and cannabis seeds were found on two separate occasions within one month’s time suggests a continuing violation of the drug laws and indicates a ‘fair probability5 that marijuana or cannabis would be found in the house.’”) (quoting State v. Jacobs, 437 So.2d 166, 168 (Fla. 5th DCA 1983)); Colitto, 929 So.2d at 656 (holding that an anonymous tip and the two trash pulls revealing *1285 cannabis residue, seeds, and stems within two weeks of the issuance of the warrant provided probable cause).
“The duty of the reviewing [trial] court is to ensure that the magistrate had a substantial basis for concluding that probable cause existed, and this determination must be made by examining the four corners of the affidavit.” Garcia v. State, 872 So.2d 826, 329 (Fla. 2d DCA 2004). The trial court does not conduct a de novo determination of whether there was probable cause to issue a search warrant; instead, the trial court determines only whether substantial evidence supported the magistrate’s determination that probable cause existed. State v. Gonzalez, 884 So.2d 330, 333 (Fla. 2d DCA 2004); Garcia, 872 So.2d at 329. Thus, absent a clear demonstration that the issuing judge abused his or her discretion in relying on the information in the affidavit, the trial court should not disturb an issuing judge’s determination finding probable cause. State v. Woldridge, 958 So.2d 455, 458 (Fla. 2d DCA 2007).
When this court reviews an order granting a motion to suppress, “we are bound by the trial court’s factual findings if they are supported by competent, substantial evidence; however, the determination of the legal issue of probable cause is subject to de novo review.” Garcia, 872 So.2d at 329. Here, the trial court erred in failing to consider the facts contained in the four corners of the affidavit supporting the issuing judge’s probable cause determination. The issuing judge had a substantial basis for finding probable cause even if the “exculpatory” information from the helicopter flyover had been included in the affidavit. The trial court did not find that the omission resulted from intentional or reckless police conduct that amounted to deception. Accordingly, we reverse the order granting the motion to suppress.
Reversed.
MORRIS and SLEET, JJ., Concur.