437 So.2d 166 (1983)
STATE of Florida, Appellant,
v.
Leslie Paul JACOBS, et al., Appellees.
No. 82-807.
District Court of Appeal of Florida, Fifth District.
July 28, 1983.
Rehearing Denied August 29, 1983.
Jim Smith, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellant.
J. Cheney Mason, P.A., Orlando, and Edwin H. Duff, III, Daytona Beach, for appellees.
FRANK D. UPCHURCH, Jr., Judge.
The state appeals from an order suppressing evidence seized in the search of a residence occupied by appellees Jacobs and Newman. Two issues have been presented: whether the affidavit was sufficient to establish probable cause for issuance of the warrant and whether the warrant was properly executed. We hold that the affidavit was sufficient and that the warrant was properly executed and accordingly reverse the suppression order.
In Illinois v. Gates, ___ U.S. ___, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the United States Supreme Court recently reaffirmed the "totality of the circumstances" analysis that traditionally had formed the basis of probable cause determinations. As the Court points out, the task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances before him, there is a fair probability that contraband or evidence of a crime will be found in a particular place. The duty of the reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.
*167 The affidavit in the present case, submitted by Detective Barber provided as follows:
Your Affiant has personally conducted an investigation into these alleged activities of the occupants of nine-zero-one (901) Bonita Drive, Winter Park, Orange County, Florida. I Detective Earl David Barber assigned to the Special Investigation Unit on 07/28/81 had the Winter Park Sanitation Department pick up the garbage from nine-zero-one (901) Bonita Drive, Winter Park, Florida, keep it separate and deliver it to the Winter Park City garage. On 07/28/81 I, Detective Barber personally opened one green plastic bag taken from nine-zero-one (901) Bonita Drive, Winter Park, Florida. Inside the bag your Affiant found personal papers belonging to Nord Bower Newman, also located in the bag by your Affiant was a small amount of marijuana seeds. On 08/18/81 your Affiant again requested that the garbage from nine-zero-one (901) Bonita Drive be picked up. On 08/18/81 several minutes before the garbage was picked up your Affiant observed the garage door open up and a yellow Mustang with a convertible top back out of the drive way. Your Affiant then ran a computer check on the tag number GYF 722, the tag came back to a Nord B. Newman, address nine-zero-one (901) Bonita Drive, Winter Park, Orange County, Florida. On 08/25/81 at 7:00 A.M., I, Detective Barber observed a white male open the garage door of nine-zero-one (901) Bonita Drive walk out and place two plastic trash cans out on the curb. At approximately 9:00 A.M. after the white male left the residence I, Detective Barber along with Officer Crampton picked up the two plastic trash cans and emptied them into a City truck. Upon arrival at the City garage your Affiant found Cannabis seeds. These seeds were placed into a clear plastic bag and sealed. A Becton Dickinson test was performed by this Detective with positive results. The Cannabis seeds will be sent to the crime lab for analysis. Your Affiant has probable cause to believe and does believe, based on information received from a confidential source and personal observation made by Affiant and Officer Crampton that one or more of the occupants of nine-zero-one (901) Bonita Drive, Winter Park, Orange County, Florida is in possession of a controlled substance to wit: Cannabis which is in violation of Florida State Statute 893.13.
Whether an affidavit based primarily on the evidence found in the defendant's trash may be sufficient to support a finding of probable cause does not appear to have been addressed in Florida.
We have, however, reviewed several federal cases in which the supporting affidavits were based, in part, on evidence found in the defendant's trash. For example, in United States v. Dzialak, 441 F.2d 212 (2d Cir. (1971), cert. denied, 404 U.S. 883, 92 S.Ct. 218, 30 L.Ed.2d 165 (1971), the defendant Dzialak, a driver for Railway Express, was convicted of possessing stolen goods. On two occasions, a Railway Express security investigator had examined Dzialak's trash and had found invoices, warranties and labels referring to items missing from Railway Express. The security investigator gave this information to the FBI. In seeking a warrant to search Dzialak's premises, the FBI agent set out the details of the items seized from the trash and the results of Railway Express's investigation as well as his own corroborative investigation. The court of appeals found that the very lengthy set of facts in the nine-page affidavit was sufficient to justify a finding of probable cause for issuing the warrant.
In United States v. Biondich, 652 F.2d 743 (8th Cir.1981), cert. denied, 454 U.S. 975, 102 S.Ct. 527, 70 L.Ed.2d 395 (1981), the court also upheld the validity of the search warrant. There, a search of the defendant's trash revealed a baggie containing a small amount of marijuana, a folded piece of paper containing traces of opiate powders, cancelled checks payable to the wife of a man who had pleaded guilty to possession of a large quantity of marijuana and who had been at a residence where evidence of narcotics transactions had been obtained, *168 and pieces of paper containing notations representing large sums of money. An affidavit containing this information and the details of the defendant's two prior convictions for drug violations were held to be sufficient to support the conclusion that there was probable cause to believe that illegal drugs were present in the defendant's residence.
Finally, in United States v. Sumpter, 669 F.2d 1215 (8th Cir.1982), a search of the defendant's garbage revealed a baggie containing marijuana. The court noted that although the evidence gleaned from the garbage search alone might be sufficient, there were other facts to bolster the sufficiency of the affidavit in establishing probable cause. These other facts included information that the defendant had been convicted of drug related charges, the garbage collectors for the defendant's residence reported to the police that they observed the occupants of three cars enter and leave the residence in a very short time on the morning that the garbage was searched, and the defendant's neighbors had observed a large amount of short-term traffic at the defendant's residence. Two of the vehicles observed belonged to persons recently arrested for possession of cocaine or under investigation for drug trafficking.
In the present case, there was no information that appellees had been previously convicted of drug-related offenses, or that they associated with known drug dealers or that they had frequent short-term visitors as in the cases discussed above. While the federal cases clearly provide more information regarding the likelihood that a criminal offense was being committed, the conclusion does not necessarily follow that the facts here are insufficient to establish probable cause. The fact that marijuana and cannabis seeds were found on two separate occasions within one month's time suggests a continuing violation of the drug laws and indicates a "fair probability" that marijuana or cannabis would be found in the house. We conclude that the judge who issued the search warrant had a substantial basis for determining that probable cause existed and thus the court below erred in suppressing the evidence.
We also hold that the court erred in determining that the warrant was improperly executed. The warrant authorized the search "in the daytime, nighttime or on Sunday as the exigencies of the situation may require." This language follows the provisions of section 933.10, Florida Statutes (1981):
Execution of search warrant during day or night

A search warrant issued under the provisions of this chapter may, if expressly authorized in such warrant by the judge or magistrate issuing the same, be executed by being served either in the daytime or in the nighttime, as the exigencies of the occasion may demand or require. (emphasis added).
The warrant was executed between 7:30 and 8:00 p.m. on August 28, 1981. Detective Barber testified that he decided to execute the search warrant at that time because he had observed Newman and his neighbors (the police also had a warrant to search the home of Newman's neighbors) worked during the day. This decision seems entirely reasonable to us and comports with the terms of the search warrant. Simply because some other time may have been available for execution of the warrant does not invalidate the search where, as here, there was no evidence of harassment or bad faith on the part of the police.
REVERSED.
COBB and COWART, JJ., concur.