666 So.2d 165 (1995)
STATE of Florida, Appellant,
v.
Stephen E. MAYES, Jr., Appellee.
No. 95-01335.
District Court of Appeal of Florida, Second District.
November 8, 1995.
Rehearing Denied December 26, 1995.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia E. Davenport, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and James P. Harris, Jr., Assistant Public Defender, Bartow, for Appellee.
PER CURIAM.
Appellant/State challenges the trial court order granting appellee's motion to suppress contraband found in his residence pursuant to a search warrant. The trial court suppressed the evidence because it found that the affidavit submitted in support of the search warrant did not provide the requisite probable cause. Our review of the record leads us to conclude that the affidavit did provide the required probable cause. Accordingly, we reverse.
Following a call from a "concerned citizen" to the effect that appellee was involved in narcotics activity, law enforcement conducted surveillance of appellee's home. As part of the surveillance, officers retrieved three bags of trash from the curb in front of the home. Inside, they found several pieces of mail with appellee's name on it, along with cannabis stems, seeds, rolling papers and suspected cannabis roaches. Based on this discovery, in addition to the officers' observation of and the "concerned citizen's" report of traffic to and from the home at all hours of the day and night, officers obtained a search warrant. Execution of the warrant produced contraband.
The trial court granted appellee's motion to suppress the contraband because the affidavit did not aver that the officers maintained constant surveillance of the garbage to be sure no one had disturbed it between the time it was put out and the time it was searched. However, the cases do not support this reasoning. See Scott v. State, 559 So.2d 269 (Fla. 4th DCA 1990); State v. Jacobs, 437 So.2d 166 (Fla. 5th DCA 1983). Jacobs followed the Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) "totality of the circumstances" test which asks whether the facts indicate a "fair probability" that contraband or criminal evidence will be found in a particular place. Continuous monitoring is not a requirement. *166 See also California v. Greenwood, 486 U.S. 35, 108 S.Ct. 1625, 100 L.Ed.2d 30 (1988).
Our review of the affidavit here leads us to conclude that probable cause was shown. The concerned citizen reported having seen traffic come and go at all hours of the day and night; the officers confirmed this observation; and the officers discovered narcotics along with mail addressed to appellee in appellee's trash. This case is very similar to Scott, cited above. Although the narcotics were not discovered on two occasions, as was the case in Jacobs, that is not required for probable cause under Scott.
Having concluded that the affidavit did provide sufficient probable cause, we reverse.
CAMPBELL, A.C.J., and BLUE and FULMER, JJ., concur.