707 So.2d 902 (1998)
STATE of Florida, Appellant,
v.
Michael STEVENSON, Appellee.
No. 96-03839.
District Court of Appeal of Florida, Second District.
March 6, 1998.
Robert A. Butterworth, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Carol J.Y. Wilson, Assistant Public Defender, Bartow, for Appellee.
PARKER, Chief Judge.
The State appeals the trial court's order granting Michael Stevenson's motion to suppress cocaine and paraphernalia seized pursuant to a search warrant executed at Stevenson's residence. We reverse, concluding that the search warrant affidavit contained sufficient facts to establish probable cause.
In December 1995, an anonymous source, claiming to be a neighbor, telephoned the Pinellas County Sheriff's Office and stated that cocaine and marijuana were being sold at Stevenson's residence. The person gave Stevenson's address and the name of the *903 associate allegedly working with Stevenson. On February 1 and 8, 1996, a sheriff's detective conducted trash pulls from the trash can on the curb in front of Stevenson's home. Both times the detective discovered evidence of cocaine, drug paraphernalia,[1] and papers containing Stevenson's and the associate's name. Additionally, the detective ran a criminal records check on Stevenson and discovered that he previously had been arrested for possession of marijuana.
On February 16, 1996, the detective filed an affidavit for a search warrant containing the information that the detective had acquired. The warrant was issued on the same day. Following a hearing on Stevenson's motion to suppress, the trial court granted the motion without providing any reasons for its ruling.
The United States Supreme Court has stated that "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). Additionally, the court noted that the resolution in marginal cases should be largely determined by the strong preference for searches conducted pursuant to a warrant. Id. at 237, n. 10, 103 S.Ct. at 2331, n.10. Based upon all of the facts in this case, there was a "fair probability" that the detectives would find contraband in Stevenson's home.
Although the anonymous tip occurred approximately a month and a half earlier, the facts herein are sufficient to establish probable cause. See Scott v. State, 559 So.2d 269 (Fla. 4th DCA 1990). In State v. Jacobs, 437 So.2d 166 (Fla. 5th DCA 1983), the Fifth District held, as follows:
The fact that marijuana and cannabis seeds were found on two separate occasions within one month's time suggests a continuing violation of the drug laws and indicates a "fair probability" that marijuana or cannabis would be found in the house. We conclude that the judge who issued the search warrant had a substantial basis for determining that probable cause existed....
Id. at 168. The contraband found in Stevenson's trash was sufficient to establish probable cause for issuance of the search warrant.[2] Based upon the totality of the circumstances, there was sufficient probable cause to support the magistrate's conclusion that a search warrant would uncover evidence of illegal activity, thus satisfying the requirement of probable cause. See Mayes, 666 So.2d at 165-66; see also Schmitt v. State, 590 So.2d 404 (Fla.1991); State v. Diamond, 598 So.2d 175, 177-78 (Fla. 1st DCA 1992).
Reversed and remanded to the trial court to set aside its order of suppression in this case.
FRANK and THREADGILL, JJ., concur.
NOTES
[1] On February 1, 1996, the detective found .2 grams of marijuana stems, a plastic bag with a corner missing, copper wire, which is commonly used in crack pipes, and four beer cans with small holes in them, which is a method used to smoke marijuana. The detective explained that a baggie with a corner missing is indicative of small quantity street level drug sales.

On February 8, 1996, the detective discovered part of a metal coat hanger, which can be used to clean crack cocaine pipes. The presumptive test on the hanger was positive for cocaine. He also found a piece of copper Scotch Bright, two cans with small holes in them, two pieces of a crack pipe, two plastic baggies, and a corner of a plastic baggie.
[2] We note that Stevenson did not have an expectation of privacy in the trash can left outside for collection. See State v. Fisher, 591 So.2d 1049 (Fla. 5th DCA 1991). Furthermore, there is no requirement that the police must continuously monitor a suspect's garbage to establish that no one disturbed it. See State v. Mayes, 666 So.2d 165 (Fla. 2d DCA 1995).