714 So.2d 536 (1998)
Gayle RAULERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2080.
District Court of Appeal of Florida, Fourth District.
June 17, 1998.
Rehearing Denied July 27, 1998.
*537 Richard L. Jorandby, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Aubin Wade Robinson, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, Judge.
Gayle Raulerson appeals from the trial court order denying her motion to suppress contraband found in her residence pursuant to a search warrant. The trial court denied the motion because it found that the affidavit submitted in support of the search warrant provided the requisite probable cause. Our review of the record, however, leads us to conclude that the affidavit did not provide the required probable cause. Accordingly, we reverse.
Following an anonymous complaint that residents at Raulerson's address were involved in drug activity, police went to Raulerson's home, where officers retrieved six bags of trash from the curb in front of the home. After searching through the bags individually, they found two cannabis cigarette butts, stems, seeds, and pieces of suspected cannabis. A field test of the pieces tested positive for cannabis. Based on this discovery, the officers obtained a search warrant. Execution of the warrant produced contraband.
Raulerson, arguing that the affidavit given in support of the warrant lacked probable cause, moved to suppress the evidence. The trial court found the affidavit sufficient and denied suppression.
We find merit in Raulerson's argument. Although the affidavit contained relevant information that the substance found in the one-time trash pull tested positive for cannabis, we believe the affidavit lacked other sufficient material facts to indicate a fair probability that cannabis would be found in Raulerson's home.
The instant case is distinguishable from State v. Jacobs, 437 So.2d 166 (Fla. 5th DCA), rev. dismissed, 441 So.2d 632 (Fla. 1983), where the court held an affidavit based on evidence retrieved in two separate trash pulls was sufficient to support a finding of probable cause. The instant case is also distinguishable from those cases involving discovery of narcotics from a one-time trash pull, where additional information was included in the affidavits which suggested patterns of continuous drug activity sufficient to support a finding of probable cause to search. For example, in State v. Mayes, 666 So.2d 165 (Fla. 2d DCA 1995), the affidavit contained not only information of a one-time trash pull leading to the discovery of narcotics, but also of "the officers' observation of and the `concerned citizen's' report of traffic to and from the [defendant's] home at all hours of the day and night...." Id. at 165. Similarly in Scott v. State, 559 So.2d 269 (Fla. 4th DCA 1990) the affidavit contained not only information of a one-time trash pull leading to the discovery of narcotics, but also "information concerning activities at the [defendant's] residence observed during surveillance by a Broward sheriff's deputy ... and information furnished to the sheriff's office by one of appellant's neighbors concerning his observations of activities at the residence." Id. at 272.
Because we find that the information contained in the affidavit in this case does not suggest a pattern of continuous drug activity, we reverse.
REVERSED.
GUNTHER, J., concurs.
SHAHOOD, J., dissents with opinion.
SHAHOOD, Judge, dissenting.
I would affirm the trial court's denial of appellant's motion to suppress. The facts in this case are in harmony with the facts in State v. Mayes, 666 So.2d 165 (Fla. 2d DCA 1995).
My review of the record leads me to conclude that the affidavit contained sufficient *538 material facts to indicate a fair probability that cannabis would be found in appellant's home; therefore, sufficient probable cause existed.