GROSS, Judge.
Appellants, Lucille Mazzouccolo[1] and her husband, sued appellees for medical malpractice. The jury returned a defense verdict. The trial court awarded appellees attorney’s fees and costs pursuant to section 768.79, Florida Statutes (1995). The Mazzouccolos appeal the final judgment confirming the jury verdict and awarding appellees fees and costs. We affirm.
During voir dire, defense counsel used three peremptory strikes on women. Plaintiffs’ counsel made a timely, gender-based objection. See State v. Holiday, 682 So.2d 1092 (Fla.1996). Unaware that the same procedures apply to gender-based challenges as to race-based challenges, the trial court did not require defense counsel to articulate a gender-neutral reason for the strikes. Defendants’ lawyer refused to voluntarily supply a gender-neutral reason for the strikes for fear that it would disclose her trial strategy. However, plaintiffs’ attorney ultimately accepted the jury without renewing his gender-based objection or conditioning his acceptance of the jury on the previous objection. By such unqualified acceptance of the jury, plaintiffs failed to preserve this issue for appellate review. See Franqui v. State, 699 So.2d 1332 (Fla.1997), cert. denied, - U.S. -, 118 S.Ct. 1337, 140 L.Ed.2d 499 (1998); cert. denied, — U.S. -, 118 S.Ct. 1582, 140 L.Ed.2d 797 (1998); Joiner v. State, 618 So.2d 174 (Fla.1993); Thomas v. State, 700 So.2d 407 (Fla. 4th DCA 1997); Watson v. Gulf Power Co., 695 So.2d 904 (Fla. 1st DCA 1997).
Plaintiffs also challenge the trial court’s denial of their motion for a new trial and refusal to allow them to conduct a post-trial interview with juror Donald Crow. They contend that the juror had failed to disclose a previous malpractice case that had been filed against the Visiting Nurse Association (VNA) and other defendants during the time when the juror was the VNA’s chief operating officer.
To determine whether juror concealment during voir dire warrants a new trial, a court *0 would be found in defendant’s home, and did not provide probable cause for issuance .of search warrant; such information, which was contained in affidavit in support of search warrant,, did not suggest a pattern of continuous drug' activity. U.S.C.A. ConstAmend. 4.
Richard L. Jorandby, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, W appellant.
Robert A. Butterwbrth, Attorney General, Tallahassee, and AubiriyWade Robinson, Assistant Attorney General';, West Palm Beach, for appellee. \
POLEN, Judge. '
Gayle Raulerson appeals frcim the trial court order denying her motion tq suppress contraband found in her residence’’pursuant to a search warrant. The trial court*,(lenied the motion because it found that the affidavit submitted in support of the search warrant provided the requisite probable cause. Opr review of the record, however, leads us ⅛⅝ conclude that the affidavit did not provide the required probable cause. Accordingly we reverse. /
Following an anonymous complaint ,&at residents at Raulerson’s address werfe involved in drug activity, police went to Rauler-son’s home, where officers retrieved/six bags of trash from the curb in front of.the home. / After searching through the bags individually, they found two cannabis cigarette butts, stems, seeds, and pieces of suspected cannabis. A field test of the piecps tested positive for cannabis. Based on this discovery, the officers obtained a search warrant. Execution of the warrant produced contraband.
Raulerson, arguing that the affidavit given in support of the warrant lacked probable cause, moved to suppress the evidence. The trial court found the affidavit sufficient and denied suppression.
We find merit in Raulerson’s argument. Although the affidavit contained relevant information that the substance found in the one-time trash pull tested positive for cannabis, we believe the affidavit lacked other sufficient material facts to indicate a fair probability that cannabis would be found in Raulerson’s home.
The instant case is distinguishable from* State v. Jacobs, 437 So.2d 166 (Fla. 5th DCA), rev. dismissed, 441 So.2d 632 (Fla.1983), where the court held an affidavit based on evidence retrieved in two ^separate trash pulls was sufficient to support a finding of probable cause. The instant case is also distinguishable from thdse cases involving discovery of narcotics from a one-time trash pull, where additional/mformation was included in the affidavits ^hich suggested patterns of continuous drug activity sufficient to support a finding qf probable cause to search. For example, in State v. Mayes, 666 So.2d 165 (Fla. 2d DCA 1995), the affidavit contained not "only information of a one-time trash pulhieading to the discovery of narcotics, but, also of “the officers’ observation of and thé ‘concerned citizen’s’ report of traffic to and from the [defendant’s] home at all hours of the day and night....” Id. at 165. Similarly in Scott v. State, 559 So.2d 269 (Fla. 4th DCA 1990) the affidavit contained not / only information of a one-time trash pull ^leading to the discovery of narcotics, but also ^information concerning activities at the [defendant’s] residence observed during surveillance by a Broward sheriffs deputy ... and information furnished to the sheriffs office by one\.of appellant’s neighbors concerning his observations of activities at the residence.” Id. at 272.
Because we find that the information contained in the ^affidavit in this case does not suggest a pattei-n of continuous drug activity, we reverse. \
REVERSED.
GUNTHER, J„ concurs.
SHAHOOD, J., dissent with opinion.

. Due to the death of Lucille Mazzouccolo during the pendency of this appeal, the personal representative of her estate has been substituted as a party appellant.