751 So.2d 104 (1999)
James GESELL, Appellant,
v.
STATE of Florida, Appellee.
No. 99-0715.
District Court of Appeal of Florida, Fourth District.
December 29, 1999.
*105 Richard L. Jorandby, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant challenges the denial of his motion to suppress evidence recovered from his home pursuant to a search warrant. He claims that the affidavit submitted in support of the search warrant lacked sufficient probable cause for its issuance. We agree and reverse on the authority of Raulerson v. State, 714 So.2d 536 (Fla. 4th DCA 1998).
In April 1998 Detective Sigmon of the St. Lucie Sheriff's Office received an anonymous phone call from someone reporting suspected drug trafficking at appellant's residence. The caller advised that there was a high volume of vehicular traffic at appellant's residence from around 4:00 in the afternoon until midnight. Because the visitors only stayed for short periods of time, the caller suspected that drugs were being sold at the house.
Based on the anonymous tip, Detective Sigmon and other detectives effectuated a trash pull. On April 9, 1998, at approximately 2:00 a.m., the detectives drove up to appellant's house and obtained a garbage bag from the curb. Inside the garbage bag, the detective found a two gallon zip lock baggie with one-tenth (0.1) of a gram of marijuana. Thereafter, on April 24, 1998, the detectives obtained a search warrant, and, upon execution of the warrant, recovered numerous illegal substances from appellant's home.
The issue in this case is whether a single trash pull, revealing the presence of a residual amount of marijuana in a plastic bag, coupled with an anonymous tip of suspected drug activity that is uncorroborated by the officers' observations, is sufficient to constitute probable cause for issuance of a search warrant. In our recent decision in Raulerson v. State, 714 So.2d 536, we addressed this issue on facts indistinguishable from those in this case. There, following an anonymous complaint that residents at Raulerson's address were involved in drug activity, police collected trash from the front curb of the home and found two cannabis cigarette butts, stems, seeds, and cannabis particles. Based on these facts, the officers obtained a search warrant and recovered contraband from the home. We reversed the denial of the motion to suppress, finding that the fact that a controlled substance was found during a one-time trash pull from garbage outside the defendant's home was not sufficient, either by itself or in conjunction with an anonymous tip that the residents at that address were dealing in narcotics, to indicate a fair probability that cannabis would be found in the defendant's home.
In this case, as in Raulerson, the officers did not conduct any surveillance or independent follow-up investigation to corroborate the anonymous tip, perform additional garbage pulls, or develop any other facts to show a pattern of continuous drug activity and establish a fair probability that cannabis would be found on the premises. *106 Moreover, there was nothing found in the contents of the trash here that, in and of itself, supported a reasonable conclusion that additional contraband would be found in the house.
We reject the state's argument that the "good faith" exception of United State v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 3430, 82 L.Ed.2d 677 (1984) applies where, as here, the officers' reliance upon a warrant based upon an affidavit so deficient in indicia of probable cause fails to manifest the objective good faith standard required by Leon. See Tim v. State, 553 So.2d 370 (Fla. 2d DCA 1989); State v. Van Pieterson, 550 So.2d 1162 (Fla. 1st DCA 1989).
Accordingly, we reverse the order denying appellant's motion to suppress.
REVERSED and REMANDED.
DELL, STONE and TAYLOR, JJ., concur.