762 So.2d 977 (2000)
Lavinia BAKER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-1264.
District Court of Appeal of Florida, Fourth District.
May 31, 2000.
Rehearing Denied July 13, 2000.
*978 Richard G. Lubin and John Olea of Lubin and Gano, P.A., West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Frank J. Ingrassia, Assistant Attorney General, Fort Lauderdale, for appellee.
KLEIN, J.
Appellant plead no contest to charges of possessing cocaine and drug paraphernalia, reserving the right to appeal the denial of her motion to suppress. She argues that one trash pull revealing contraband, which was performed based on an anonymous tip, was not probable cause for a search of her home. We affirm.
On October 7, 1997, a Town of Palm Beach police officer received a telephone call from an anonymous person advising that there were cocaine sales at appellant's home. The caller advised that cocaine was being sold in small clear plastic baggies tied with green twisties. The officer met with the caller at his place of business in Palm Beach two days later, and became aware that the caller was an acquaintance of the appellant. The police had received an anonymous tip several months earlier that drugs were being sold at appellant's home; however, trash pulls performed at that time did not reveal any evidence.
On October 13, officers retrieved a bag of trash that had been picked up by the Palm Beach Public Works Department and found an envelope addressed to appellant, a two inch plastic straw containing traces of white powder, two cone shaped plastic baggies with cut edges, and two cone shaped plastic baggies which had green twisties and in which the bottoms had been ripped out. One or more of the baggies field tested positive for cocaine. Based on that information the officers obtained a search warrant on October 15, and the search, executed on October 23, produced contraband.
Appellant relies primarily on Raulerson v. State, 714 So.2d 536 (Fla. 4th DCA 1998) in which this court held that there was no probable cause based on one trash pull made pursuant to an anonymous tip. In Raulerson, based on an anonymous complaint that there was drug activity, a trash pull revealed two cannabis cigarette butts, stems, seeds and pieces of cannabis. We held that the search should have been suppressed because there was no probable cause to "suggest a pattern of continuous drug activity." Although our opinion does not say so, it appears that the panel concluded that the cannabis found in the trash at most showed only probable cause of possession, and that this did not establish probable cause that cannabis would be found on a later date.
In Raulerson, we distinguished State v. Jacobs, 437 So.2d 166 (Fla. 5th DCA 1983), because in that case there had been two separate trash pulls. We also distinguished State v. Mayes, 666 So.2d 165 (Fla. 2d DCA 1995), in which there was only one trash pull but both police and a citizen had observed traffic to and from defendant's home at all hours. In both Jacobs and Mayes, the courts found probable cause.
We conclude that this case is distinguishable from Raulerson. First, the baggies were stronger evidence of continuous activity, i.e., sales, than the cannabis found in Raulerson. Second, the items found in the trash pull, clear baggies and green twisty ties, were consistent with the specific information from the caller that this was how appellant was packaging cocaine for sale. There was, accordingly, probable cause. Mayes.
Appellant also argues that there were false statements or omissions in the search warrant affidavit which is a ground for challenging a search warrant. Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). The false information, *979 according to appellant, was that the affidavit stated that the caller was anonymous, but by the time the affidavit had been signed, the police had met him at his place of business. The affidavit also failed to show that the caller was an acquaintance of the appellant. We conclude that, although the affidavit would have been more complete if it had contained this information, these omissions were not material to the issue of whether there was probable cause for the search.
We therefore affirm the denial of the motion to suppress.
SCOLA, ROBERT N., Jr., Associate Judge, concur.
TAYLOR, J., dissents with opinion.
TAYLOR, J., dissenting.
I respectfully dissent because I think this case is indistinguishable from Raulerson v. State, 714 So.2d 536 (Fla. 4th DCA 1998). As in Raulerson, the affidavit for the search warrant in this case failed to "suggest a pattern of continuous drug activity" such that the court could find a fair probability that drugs would be located in the home.
The evidence recovered from the single trash pull in this case, like the evidence found in Raulerson, is consistent with personal use rather than a drug sales operation. In Raulerson, the trash pull revealed two cannabis cigarette butts, stems, seeds and pieces of cannabis. In this case, the trash pull netted a small straw with cocaine residue, two small cone-shaped baggies with cut edges, and two small cone-shaped plastic baggies with green twist ties. Only one or more of the baggies had any cocaine residue in them. The items seized from the one-time trash pulls in both cases appear, at best, to be the remnants and paraphernalia of personal drug use.
Furthermore, in the present case, as in Raulerson, the affidavit did not provide any information concerning the officers' surveillance or independent observations of heavy traffic or other unusual activities at the defendant's residence to suggest a pattern of continuous drug activity. There is nothing so unique about the few plastic baggies with green twisties found in the trash such that their discovery provided sufficient corroboration of the "anonymous tip" of an ongoing sales operation. In my opinion, the probable cause affidavit in this case provided no greater basis for the issuance of a search warrant than the affidavit presented in Raulerson.
The United States Supreme Court stated that "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). Like Raulerson, this case does not meet the "fair probability" test. I would therefore reverse the denial of appellant's motion to suppress.