788 So.2d 375 (2001)
Arsenio CRUZ, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-2460.
District Court of Appeal of Florida, Fourth District.
June 20, 2001.
*376 Richard G. Bartmon of Law Offices of Bartmon & Bartmon, P.A., Boca Raton, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
Appellant, Arsenio Cruz, Jr., challenges the denial of his motion to suppress evidence recovered from his residence pursuant to a search warrant. Holding that the affidavit submitted in support of the search warrant lacked sufficient probable cause for the issuance of the warrant, we reverse.
On November 3, 1999, Detective Jennifer DiMatteo of the Port St. Lucie Police Department prepared an application and an affidavit for a search warrant of appellant's residence. Detective DiMatteo sought the issuance of a search warrant to locate cannabis at appellant's residence. As grounds therefor, Detective DiMatteo alleged the following in pertinent part:
1) On September 24, 1998, she received an anonymous narcotic-related complaint that the subject residing at 549 SE Cliff Road is "living well beyond his means" and "may be involved in illegal drug activity."
2) On April 4, 1999, in an attempt to ascertain whether there was illegal drug activity taking place at the residence, Detective DiMatteo conducted a garbage search or trash pull at appellant's residence. The search revealed "less than one gram suspect cannabis pieces (stem, seeds, and cannabis cigarette butt) which field tested positive for the presence of cannabis and miscellaneous mailings with the names "Mr. and Mrs. Sammy Cruz" and Susan and Arsenio Cruz, Jr." at 549 SE Cliff Road.
3) On October 28, 1999, a second trash pull was conducted at appellant's residence. The search disclosed "one suspect cannabis cigarette butt" which field tested positive for the presence of cannabis, and miscellaneous mailings.
4) Detective DiMatteo checked several police data bases, including NCIC, and learned that appellant had been arrested on October 17, 1992 for possession of marijuana and possession of drug paraphernalia.
5) Detective DiMatteo also alleged that "periodic surveillance" of appellant's residence showed the presence of vehicles belonging to Arsenio or Susan Cruz and Budget Tree Company.
Based on this affidavit, the Magistrate issued a search warrant of appellant's residence on November 3, 1999, and the warrant was executed on November 10, 1999. The items seized from appellant's residence included: approximately 1 gram cannabis; approximately 1 gram cannabis (stems and seeds) and 2 baggies with cannabis residue.
Appellant filed a motion to suppress evidence alleging that the application was legally insufficient on its face or that it failed to establish probable cause to justify the issuance of a search warrant. Appellant claimed that there was no probable cause of ongoing criminal activity at the residence or probable cause to believe that *377 cannabis would be found on the premises. He also argued that Detective DiMatteo intentionally misled the Judge by excluding from the search warrant application material facts obtained in the course of the investigation. According to appellant, Detective DiMatteo failed to include in her affidavit that a second trash pull was conducted at appellant's residence on October 25, 1999, 29 weeks after the first trash pull was conducted on April 4, 1999, in which no illegal substances were recovered. A third trash pull was conducted on October 28, 1999, which located one suspect cannabis cigarette butt.
At the suppression hearing, Detective DiMatteo conceded that her affidavit provided no information regarding any investigation conducted during the 7½ months between the initial complaint and the first trash pull. Detective DiMatteo agreed that a very small amount, less than one gram of suspected marijuana (seeds and cannabis cigarette butt), was recovered from the first trash pull on April 4, 1999, and that there was no other evidence of drug dealing. Detective DiMatteo admitted that a second trash pull conducted on October 25, 1999, yielded no evidence of marijuana, and was not included in her application. The third trash pull conducted on October 28, 1999, yielded one suspect cannabis cigarette butt, less than one gram, and no other evidence of drug dealing.
Detective DiMatteo admitted that she could not provide specific dates to support her reference to periodic surveillance of appellant's residence and that the surveillance did not yield anything which would indicate drug dealing going on in the home. The officer also acknowledged a disposition of appellant's 1992 criminal charge was not included in her application.
In denying the motion to suppress, the trial court acknowledged that this was a "marginal case," but denied the motion based solely on the dicta in State v. Stevenson, 707 So.2d 902, 903 (Fla. 2d DCA 1998)(citing Illinois v. Gates, 462 U.S. 213, 237 n. 10, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)), which noted that the resolution in marginal cases should be largely determined by the strong preference for searches conducted pursuant to a warrant.
Appellant argues that suppression is warranted based on the authority of Raulerson v. State, 714 So.2d 536 (Fla. 4th DCA 1998), and Gesell v. State, 751 So.2d 104 (Fla. 4th DCA 1999). We agree.
In Raulerson, appellant appealed the denial of a motion to suppress contraband found in her home pursuant to a search warrant. In that case, the police received an anonymous complaint that drug activity was occurring in the defendant's home. The police recovered six trash bags from the curb in front of her home. They found two cannabis cigarette butts, stems, seeds, and pieces of suspected cannabis. Based upon these facts, a warrant was issued, and contraband recovered. This court reversed the denial of the motion to suppress, finding that although the affidavit contained relevant information that a substance found in the one-time trash pull tested positive for cannabis, the affidavit "lacked other sufficient facts" to indicate a fair probability that cannabis would be found in the defendant's home. 714 So.2d at 537. The court further held that the information contained in the affidavit did not suggest a pattern of continuous drug activity. See id.
In Gesell v. State, 751 So.2d 104 (Fla. 4th DCA 1999), appellant challenged the denial of his motion to suppress evidence recovered from his residence based on a lack of sufficient probable cause in the affidavit submitted in support of the issuance of a search warrant. In that case, *378 officers acted upon an anonymous call who reported Gesell of drug trafficking. The caller advised that there was a high volume of traffic at Gesell's residence for short periods of time from 4:00 p.m. until midnight. A trash pull was conducted which uncovered a two-gallon zip lock baggie with one-tenth of a gram of marijuana. See id. at 105.
In reversing based on Raulerson, this court held that as in Raulerson, the officers did not conduct any surveillance or independent follow-up investigation to corroborate the anonymous tip, perform additional garbage pulls, or develop any other facts to show a pattern of continuous drug activity and establish a fair probability that cannabis would be found on the premises. See id. at 105. Further, the court held that there was nothing found in the contents of the trash which supported a reasonable conclusion that additional contraband would be found in the house. See id. at 106.
The facts of this case are aligned with Raulerson and Gesell. While the affidavit contained relevant information that residual amounts of cannabis were found in two separate trash pulls, the affidavit lacked other sufficient facts to indicate a fair probability that cannabis would be found in appellant's home or to show a pattern of continuous drug activity. The evidence neither supports the conclusion that this was a continuous 13 month investigation nor does it establish a continuing pattern of criminal activity.
Here, the first trash pull, April 4, 1999, was conducted six months after the initial complaint. The second trash pull, October 25, 1999, conducted six months after the first trash pull, uncovered no evidence of drug activity, and was omitted from the affidavit. The third trash pull, October 28, 1999, conducted days after the second trash pull, yielded only one suspect cannabis cigarette butt, which was less than one gram.
Clearly, two trash pulls in six months (October 25 and 28) uncovering less than one gram of cannabis does not establish a pattern. Further, the trash pulls in this case were too remote in the time from the initial complaint, and periodic surveillance, of which dates and times could not be provided by the officer, offered no support that illegal activity was taking place at appellant's residence.
Most importantly, we cannot overlook the fact that staleness is a very important factor in this case and weighs heavily against a finding of probable cause. Not only was there a gap in time from the initial complaint to the first trash pull, but there was also a gap between the first and second trash pulls.
In Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the Supreme Court held that the test for probable cause is simply for the issuing magistrate to make a practical, commonsense decision whether given all the circumstances set forth in the affidavit, there is a fair probability that contraband will be found in a particular place. Factors which may be considered in determining whether the information is sufficiently fresh to support probable cause are as follows: (1) pattern of ongoing criminal activity; (2) the nature of the object being sought; (3) the nature of the criminal activity (i.e., plant cultivation); (4) whether there is a continuing flow of information from the informant or an ongoing investigation; or (5) whether the quantity of drugs or contraband involved is so large that it could not be disposed of or consumed within a short period of time. See Montgomery v. State, 584 So.2d 65, 67 (Fla. 1st DCA 1991).
*379 Whether information is too stale to establish probable cause to support a search is not to be determined solely by the rigid application of a pre-determined time period. See Denton v. State, 524 So.2d 495, 498 (Fla. 2d DCA), review denied, 534 So.2d 398 (Fla.1988). While the passage of time is an important factor in support of the existence of probable cause, it is not the only factor. See id.
In Denton, a two-month investigation and a four-day active surveillance in response to an anonymous tip demonstrated sufficient evidence of a well-founded suspicion to justify an investigatory stop. A search of appellant's vehicle and other evidence supported the issuance of a search warrant. On appeal, appellant argued that the information was too stale to support a search. The Second District held that since there was evidence of an ongoing pattern of criminal activity, an extended lapse of time in and of itself would not preclude a finding of probable cause. See id. at 498. Unlike Denton, the extended lapse of time between trash pulls in this case only supports our conclusion that the evidence lacked sufficient facts to indicate a fair probability that cannabis would be found in the home or to demonstrate an ongoing pattern of criminal activity.
Appellant raises as his second issue on appeal that suppression of evidence is mandated because of Detective DiMatteo's intentional omission of the second trash pull on October 25, 1999, where no contraband whatsoever was found. Because we are reversing the denial of the suppression based on a lack of sufficient probable cause, we decline to address this issue.
REVERSED.
STONE and FARMER, JJ., concur.