833 So.2d 777 (2002)
The STATE of Florida, Appellant,
v.
Diane GROSS and Jerry Goodner, Appellees.
No. 3D01-455.
District Court of Appeal of Florida, Third District.
February 13, 2002.
*778 Robert A. Butterworth, Attorney General, and Andrea D. England, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Robert Godfrey, Assistant Public Defender, for appellee.
Before SCHWARTZ, C.J., and COPE and GERSTEN, JJ.
COPE, J.
The State appeals a trial court order granting a motion to suppress evidence. We conclude that there was probable cause for issuance of the search warrant, and reverse the suppression order.

I.
The Monroe County Sheriff's Department applied for a warrant to search the home of defendant-appellant Diane Gross at 839 Largo Road, Key Largo. Defendant Gross had recently moved to that address.
The affidavit in support of the search warrant stated that defendant Gross had previously resided at 232 King Avenue, Key Largo. In April of 2000, defendant Gross sold cocaine to an undercover officer at that address. Soon thereafter, law enforcement officers twice inspected the contents of the garbage can located in front of 232 King Avenue.[1] *779 They found ziploc bags with cocaine residue, as well as other paraphernalia. On May 9, the officers served a search warrant at 232 King Avenue and located more such objects, as well as 19 grams of cocaine.
The affidavit went on to explain that in August, the affiant (Detective Madnick) received an anonymous tip that the defendant had moved to 839 Largo Road and was back in business selling drugs. Sheriff's officers set up surveillance and observed the defendant leaving that address in a car. The officers searched the garbage can. Inside was mail addressed to defendant Gross at her post office box. The officers recovered approximately fifty two inch by two inch ziploc bags, half of which contained suspected cocaine residue. According to the affidavit, such bags are commonly used to sell cocaine. The white powder residue was field tested and was positive for cocaine. Other paraphernalia was also in the garbage can.
The circuit court issued a search warrant for 839 Largo Road. The officers searched the residence. They found various items of drug paraphernalia as well as twenty-four grams of suspected cocaine, and marijuana.
The officers arrested defendant Gross and codefendant-appellee Jerry Goodner for possession of cocaine and marijuana. The defendants moved to suppress the evidence, contending that the search warrant was not supported by probable cause.
The trial court granted the motion to suppress. The trial court concluded that there was insufficient corroboration for the anonymous tip that defendant Gross was back in the business of selling cocaine, and that the facts set forth in the affidavit were insufficient to constitute probable cause for the issuance of a search warrant. The State has appealed.

II.
The United States Supreme Court has said that affidavits in support of a search warrant
"are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleading have no proper place in this area." ...
Similarly, we have repeatedly said that after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of de novo review. A magistrate's "determination of probable cause should be paid great deference by reviewing courts." "A grudging or negative attitude by reviewing courts toward warrants[]" is inconsistent with the Fourth Amendment's strong preference for searches conducted pursuant to a warrant; "courts should not invalidate... warrant[s] by interpreting affidavit[s] in a hypertechnical, rather than a commonsense, manner."
Illinois v. Gates, 462 U.S. 213, 235-36, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (citations omitted).
Probable cause is to be determined based on the totality of the circumstances. Id. at 238, 103 S.Ct. 2317.
The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for ... conclud[ing]" that probable cause existed.
*780 Id. at 238-39, 103 S.Ct. 2317 (citation omitted).

III.
We conclude that there was probable cause for the issuance of the search warrant, and that the anonymous tip was adequately corroborated.
According to the affidavit, defendant Gross had sold cocaine to an undercover officer on April 14, 2000, from her home at 232 King Ave. Two subsequent searches of the garbage can turned up various items of drug paraphernalia. The search of the defendant's home on May 9 revealed cocaine and paraphernalia.
In August there was an anonymous tip that defendant Gross had moved to 839 Largo Road and was back in business selling drugs. The fact that the defendant had moved was confirmed by the investigating officers, who saw the defendant leaving 839 Largo Road. This was also confirmed by a search of the garbage can, which revealed mail addressed to defendant Gross at her post office box.
With respect to the tip that defendant Gross had resumed selling drugs, the garbage search revealed fifty two inch by two inch ziploc bags containing suspected cocaine residue. According to the affidavit, such ziploc bags are commonly used for the sale of cocaine. The cocaine residue field tested positive for cocaine. The tip was adequately corroborated.
Given the facts indicating that defendant Gross was selling drugs at her new address, there was a fair probability that drugs, paraphernalia, and proceeds would be found there. See Illinois v. Gates, 462 U.S. at 238, 103 S.Ct. 2317. The judge who issued the warrant "had a substantial basis for ... conclud[ing] that probable cause existed." Id. (citation omitted); see Lopez v. State, 775 So.2d 1007 (Fla. 3d DCA 2001); Baker v. State, 762 So.2d 977 (Fla. 4th DCA 2000).

IV.
Relying on Gesell v. State, 751 So.2d 104 (Fla. 4th DCA 1999), the trial court ruled that the single inspection of trash at the new address was not sufficient to corroborate the anonymous tip. The trial court expressed some uncertainty on the point, however, and indicated that appellate review of the question would be welcome.
It appears the trial court felt the prior activities of defendant Gross should be discounted as having occurred several months previously, and at a different address. But the existence of probable cause is to be determined from the totality of the circumstances, and a prior history of drug offenses is one factor which may be taken into account. See State v. Stevenson, 707 So.2d 902, 903 (Fla. 2d DCA 1998); State v. Jacobs, 437 So.2d 166, 168 (Fla. 5th DCA 1983). The prior activities of the defendant at the earlier address were matters that properly could be considered.
The trial court alluded to the phrase "pattern of continuous drug activity," which appears in Gesell, 751 So.2d at 106, and other cases. The court felt that a pattern of continuous drug activity had to be shown at the new location, and that the single garbage inspection at 839 Largo Road was not enough.
The idea of looking for a continuous or continuing drug violation appears to have originated in State v. Jacobs, which involved possession (not sale) of contraband. In Jacobs, law enforcement received an anonymous tip that the two defendants possessed marijuana in their home. 437 So.2d at 167. A police officer searched curbside garbage and found a small amount of marijuana seeds. Four weeks later, another such search yielded more marijuana seeds.
*781 The Fifth District ruled that these two garbage searches provided probable cause for issuance of a search warrant. "The fact that marijuana and cannabis seeds were found on two separate occasions within one month's time suggests a continuing violation of the drug laws and indicates a `fair probability' that marijuana or cannabis would be found in the house." Id. (emphasis added).
In other words, when the first garbage search turned up a small amount of marijuana seeds, that was not enough to establish probable cause for a search warrant. That is because the small amount of marijuana remains suggested only that the household occupants had once possessed marijuana but had used it up. However, when marijuana seeds showed up twice within a month, this allowed the inference that the occupants possessed marijuana on a regular basis, thus creating "a continuing violation of the drug laws...." Id. That being so, there was "a `fair probability' that marijuana or cannabis would be found in the house." Id. Thus, probable cause existed for the issuance of the search warrant.
In Gesell and Raulerson v. State, 714 So.2d 536 (Fla. 4th DCA 1998), there had been anonymous tips suggesting that the defendant in each case was selling drugs from the home. Law enforcement officers did not come up with any information to corroborate the idea that sales were taking place. However, a single garbage search in each case turned up a small amount of marijuana remains. The small amount of marijuana recovered was consistent with possession for personal use. The garbage contents yielded no packaging materials which would have indicated that sales were being conducted.
In that context, the Gesell and Raulerson courts fell back to the reasoning of Jacobs. No evidence of sale existed. Considering the alternative possibility that the household occupants were regularly possessing contraband for personal use, a single garbage search was insufficient. See Jacobs. Thus there was no probable cause for the issuance of a search warrant.
The present case is entirely different. In the present case there was a history of cocaine sales. The packaging materials at the new address were indicative of sale. Where a person is in the business of selling cocaine, it is reasonable to expect that contraband, paraphernalia, and proceeds will be found on the premises. In light of all the other available information, the single trash search at the new address was sufficient to corroborate the anonymous tip and to provide probable cause for the issuance of the search warrant. See Lopez, 775 So.2d at 1007-08; Baker, 762 So.2d at 978.
In sum, the Fourth Amendment test is whether, based on "all the circumstances set forth in the affidavit, ... there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. at 238, 103 S.Ct. 2317. The inquiry regarding a continuing or continuous drug violation has evolved as an aid to analysis in possession cases, but it does not alter the Fourth Amendment test.

V.
The defendants argue that the affidavit in this case is defective because Detective Madnick did not set forth his training and experience therein. The detective referred to his training and experience but did not outline what that training and experience consisted of.
Defendants argue that if the officer states in the affidavit that a substance is suspected cocaine, or that an object is commonly used for the storage or sale of *782 cocaine, the officer must set forth his training and experience which allows him to make that assertion. The defendants do not say that the detective lacks appropriate training and experience, but only that the detective should have outlined his qualifications in the affidavit. The law is to the contrary. "[W]e do not believe this omission renders the affidavit insufficient."[2]Younger v. State, 433 So.2d 636, 640 (Fla. 5th DCA 1983); State v. Knapp, 294 So.2d 338, 342 (Fla. 2d DCA 1974) (Grimes, J.); see also Illinois v. Gates, 462 U.S. at 234-48 & n. 9, 103 S.Ct. 2317. The cases relied on by defendants on this issue are not search warrant cases.

VI.
For the reasons stated, the suppression order is reversed.
NOTES
[1] A search of curbside garbage requires no warrant. California v. Greenwood, 486 U.S. 35, 108 S.Ct. 1625, 100 L.Ed.2d 30 (1988). Some of the cases refer to such a search as a "trash pull." See, e.g., Lopez v. State, 775 So.2d 1007 (Fla. 3d DCA 2001).
[2] If it is shown that the affidavit contains baseless assertions, that is, "intentionally and knowingly or recklessly false statements, the court must excise the falsity from the affidavit to determine whether there remained sufficient grounds to establish probable cause." Terry v. State, 668 So.2d 954, 958 (Fla.1996) (citing Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)).