CORTIÑAS, J.
 

 The State of Florida appeals the trial court’s order granting the motion of defendant Jose Carreno to suppress evidence seized from his home after execution of a search warrant. The trial court found that the affidavit in support of the search warrant lacked sufficient facts to establish probable cause for issuance of the warrant. We reverse.
 

 In his affidavit in support of the warrant, Detective Robert Holleran of the Miami-Dade Police Department detailed how he received an anonymous tip that the defendant’s house was being used to grow marijuana and that the owner would be “cropping the harvest” that day. He explained that on the basis of that tip, the police set up surveillance at the property and saw the defendant’s blue Lincoln Navigator
 
 [1]
 
 and a black Ford F-150 pickup truck enter the fenced-in property through an electronic gate. He stated that the bed of the pickup was empty when it entered but was filled with black garbage bags when it departed a short time later. He further stated that the police followed the pickup truck and soon stopped it for running a stop sign. Detective Holleran stated that he smelled marijuana emanating from the bags; after the driver gave his permission, Detective Holleran opened the bags and found marijuana clippings, marijuana leaves, and the root systems of marijuana plants. The affidavit further reported that the driver told police that the defendant, whom he claimed not to know, had paid him $800 to take the garbage bags to the dump.
 

 Based upon these sworn facts, the original judge issued a warrant for the described premises. The police searched the residence and seized numerous marijuana plants and equipment, evidence that the house was being utilized as a “grow house” to cultivate marijuana. After a hearing on the defendant’s motion to suppress the evidence seized, the successor circuit court judge found that “[t]he anonymous tip coupled with the single search of the garbage bags, with no other observations suggesting there was a hydroponics laboratory
 
 inside
 
 the home, did not provide sufficient probable cause to search the
 
 interior
 
 of the defendant’s home.”
 

 A review of the record shows that the original circuit court judge followed the correct standard for determining that there was probable cause to believe that evidence of a crime would be found in the defendant’s home.
 
 See State v. Woldridge,
 
 958 So.2d 455, 458 (Fla. 2d DCA 2007). It was the reviewing court that failed to apply the proper standard, one of “great deference,” to the original judge’s determination.
 
 See Spinelli v. United States,
 
 393 U.S. 410, 419, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).
 

 Section 933.02(3), Florida Statutes, provides that a search warrant for property may be issued “[w]hen any property constitutes evidence relevant to proving that a felony has been committed.” Before a court can issue a search warrant,
 
 *128
 
 however, “the judicial officer issuing such a warrant [must] be supplied with sufficient information to support an independent judgment that probable cause exists for the warrant.”
 
 Whiteley v. Warden, Wyo. State Pen.,
 
 401 U.S. 560, 564, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971). More specifically, Section 933.18(5), Florida Statutes, provides that a search warrant shall be issued for the search of a private dwelling “on sworn proof by affidavit of some credible witness that he or she has reason to believe that one of said conditions [e.g., “[t]he law relating to narcotics or drug abuse is being violated therein”] exists, which affidavit shall set forth the facts on which such reason for belief is based.” Therefore, “the affidavit in the warrant application must satisfy two elements: first, that a particular person has committed a crime ... and, second, that evidence relevant to the probable criminality is likely located at the place to be searched.... ”
 
 Burnett v. State,
 
 848 So.2d 1170, 1173 (Fla. 2d DCA 2003). To that end, “the affidavit itself must contain either information concerning the informant’s veracity or sufficient independent corroborating evidence.”
 
 Woldridge,
 
 958 So.2d at 458 (citing
 
 Pagan v. State,
 
 830 So.2d 792, 806-07 (Fla.2002)).
 

 It is the task of the issuing judge “to examine the affidavit for facts and fact-based conclusions” in determining whether probable cause exists for the issuance of a search warrant.
 
 Burnett,
 
 848 So.2d at 1174. The Florida Supreme Court has
 

 defined “probable cause” as a reasonable ground of suspicion supported by circumstances sufficiently strong to warrant a cautious person in the belief that the person is guilty of the offense charged. The reasons cited by the police must be sufficient to create a reasonable belief that a crime has been committed. As long as the neutral magistrate has a substantial basis for concluding that a search would uncover evidence of wrongdoing, the requirement of probable cause is satisfied.
 

 Schmitt v. State,
 
 590 So.2d 404, 409 (Fla.1991) (internal citations omitted). The judge’s duty “is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, there is a fair probability that contraband or evidence of a crime will be found in a particular place.”
 
 Illinois v. Gates,
 
 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). To reiterate, “it is the ‘probability, and not a prima facie showing, of criminal activity [that] is the standard of probable cause.’ ”
 
 Doorbal v. State,
 
 837 So.2d 940, 952-53 (Fla.2003) (quoting
 
 Gates,
 
 462 U.S. at 235, 103 S.Ct. 2317). This standard “requir[es] ‘more than mere suspicion but less evidence than is necessary to convict.’ ”
 
 United States v. Danhauer,
 
 229 F.3d 1002, 1005 (10th Cir.2000) (quoting
 
 United States v. Burns,
 
 624 F.2d 95, 99 (10th Cir.1980)).
 

 However, in reviewing a prior determination of probable cause and the issuance of the search warrant, the reviewing court must “accord[ ] ‘great deference’ to a magistrate’s determination,” even in a marginal or doubtful case.
 
 United States v. Leon,
 
 468 U.S. 897, 914, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) (citing
 
 Spinelli,
 
 393 U.S. at 419, 89 S.Ct. 584);
 
 see United States v. Lockett,
 
 674 F.2d 843, 845 (11th Cir.1982). In fact, “once a Magistrate has found probable cause and has issued a warrant, his judgment is conclusive unless arbitrarily exercised.... ”
 
 United States v. Giacalone,
 
 541 F.2d 508, 513 (6th Cir.1976). Therefore, “the trial court should not disturb an issuing magistrate’s determination absent a clear determination that the magistrate abused his discretion in relying on the information in the affidavit supporting the warrant application to find probable cause.”
 
 Woldridge,
 
 958 So.2d at
 
 *129
 
 458 (citing
 
 State v. Price,
 
 564 So.2d 1239, 1241 (Fla. 5th DCA 1990)). To that end, the trial court, when reviewing the issuance of a warrant based on a probable cause affidavit, “does not conduct a de novo determination of whether there was probable cause to issue the warrant. Instead, the trial court determines only whether substantial evidence supported the magistrate’s determination that probable cause existed.”
 
 Woldridge,
 
 958 So.2d at 458 (citing
 
 Bonilla v. State,
 
 579 So.2d 802, 805 (Fla. 5th DCA 1991)).
 

 When this Court reviews an order granting a motion to suppress, we must defer to the trial court’s findings of historical fact but “review de novo its application of established law to those facts.”
 
 Brachlow v. State,
 
 907 So.2d 626, 628 (Fla. 4th DCA 2005) (citing
 
 McNamara v. State,
 
 357 So.2d 410, 412 (Fla.1978)). Here, under the facts of this case, the trial court judge did not give great deference to the original judge’s probable cause determination.
 

 The trial court, in holding that there was nothing in the affidavit to provide probable cause for a search of the defendant’s home, found that this case was similar to
 
 Raulerson v. State,
 
 714 So.2d 536 (Fla. 4th DCA 1998), in which an anonymous tip and a one-time trash pull yielding cannabis residue were found to provide insufficient probable cause for issuance of a warrant. However,
 
 Raulerson
 
 is distinguishable in that it, like
 
 Gesell v. State,
 
 751 So.2d 104 (Fla. 4th DCA 1999), concerned a “small amount of marijuana ... consistent with personal use,”
 
 State v. Gross,
 
 833 So.2d 777, 781 (Fla. 3d DCA 2002), which did “not suggest a pattern of continuous drug activity.”
 
 Raulerson,
 
 714 So.2d at 537. Indeed, the court in
 
 Raulerson
 
 contrasted it with “those cases involving discovery of narcotics from a one-time trash pull, where additional information was included in the affidavits [that] suggested patterns of continuous drug activity,”
 
 id.,
 
 such as
 
 State v. Mayes,
 
 666 So.2d 165 (Fla. 2d DCA 1995), and
 
 Scott v. State,
 
 559 So.2d 269 (Fla. 4th DCA 1990), both of which combined a single trash pull with police surveillance that corroborated an anonymous tip.
 
 See also United States v. Sumpter,
 
 669 F.2d 1215, 1221 (8th Cir.1982) (holding that a single trash pull “might be sufficient,” but it helps if “other facts bolster the sufficiency of the affidavit in establishing probable cause to believe that illegal drugs would be found”);
 
 United States v. Biondich,
 
 652 F.2d 743 (8th Cir.1981) (single trash pull sufficient, considering prior drug convictions);
 
 State v. Carbonell,
 
 816 So.2d 1169, 1170-71 (Fla. 4th DCA 2002) (single trash pull and surveillance sufficient);
 
 Lopez v. State,
 
 775 So.2d 1007-08 (Fla. 3d DCA 2001) (multiple tips regarding drug dealing and single trash pull yielding “a considerable amount of drug paraphernalia and cocaine residue” sufficient);
 
 cf. Thompson v. State,
 
 548 So.2d 806, 808 (Fla. 1st DCA 1989) (finding a “bare assertion” insufficient “unless the affidavit demonstrates a factual basis for the belief’).
 

 In both
 
 Raulerson
 
 and
 
 Gesell,
 
 unlike the instant case, “the officers did not conduct any surveillance or independent follow-up investigation to corroborate the anonymous tip.”
 
 Gesell,
 
 751 So.2d at 105. Here, however, the anonymous caller reported that the defendant would be “harvesting the crop” that day; when police searched the garbage bags, they found clippings, leaves, and a root system, evidence that substantiated the caller’s claim. As in
 
 Baker v. State,
 
 762 So.2d 977, 978 (Fla. 4th DCA 2000), “the items found in the trash pull ... were consistent with the specific information from the caller....”
 
 See also Gross,
 
 833 So.2d at 781 (“In light of all of the other available information, the single trash search ... was sufficient to corroborate the anonymous tip and to provide probable cause.... ”).
 

 
 *130
 
 Several cases require authentication of the defendant’s ownership of the drug paraphernalia or plants found in a curbside trash pull before the evidence is deemed sufficient probable cause for issuance of a search warrant. Such proof often comes in the form of personal papers, see,
 
 e.g., State v. Jacobs,
 
 437 So.2d 166, 167 (Fla. 5th DCA 1983), or mail with the defendant’s name on it,
 
 see, e.g., Baker,
 
 762 So.2d at 978;
 
 Mayes,
 
 666 So.2d at 165. The ownership of the trash bags is a nonis-sue here, however: the police observed the removal of the bags from the fenced, gated yard of the defendant’s residence, and the pickup truck’s driver confirmed that the defendant had paid him to take them to the dump.
 

 Here, Detective Holleran presented sufficient facts in his affidavit for the original judge “to make a practical, common-sense decision, based on the circumstances set forth in the affidavit, that the defendant committed the alleged crime ... and that ‘evidence relevant to the probable criminality [of marijuana trafficking was] likely to be located at the place searched[,]’” namely, the defendant’s residence.
 
 State v. Abbey,
 
 28 So.3d 208, 212 (Fla. 4th DCA 2010) (quoting
 
 State v. Vanderhors,
 
 927 So.2d 1011, 1013 (Fla. 2d DCA 2006)). The affidavit alleged that the police received an anonymous tip that marijuana was being grown in the defendant’s home; they set up surveillance and observed suspicious behavior, i.e., the driver of the pickup truck removing a number of garbage bags from next to the home; the odor of marijuana was emanating from the bags, which were found to contain marijuana clippings, leaves, and root systems; and the driver of the pickup stated that he had been paid $300, a disproportionately large amount, to take the bags to the dump. These facts “support the finding that there was a probability, though not necessarily a prima facie showing, of criminal activity.”
 
 Abbey,
 
 28 So.3d at 212. Furthermore, given that the trash bags belonged to the defendant, and marijuana was not being grown in the yard, it was reasonable for Detective Holleran and the original judge to infer that marijuana was being grown inside the defendant’s home.
 

 Because the detective’s affidavit in support of the search warrant contained sufficient facts to establish probable cause that the defendant was engaging in the trafficking of cannabis and that the evidence of the crime would be found in his home, we hold that the original judge properly issued the search warrant. Because the trial court failed to use the proper standard of review, according great deference to the original judge’s probable cause determination, we reverse the trial court’s order suppressing the evidence obtained as a result of that warrant.
 

 [1]
 

 . The anonymous informant stated that the owner of the property drove a blue Lincoln Navigator.