LAWRENCE, Judge.
The State of Florida appeals a non-final order of the trial court suppressing in part certain evidence seized from the appellee, Gary John Wiley (Wiley)- We affirm in part and reverse in part.
Wiley was charged with possession of marijuana with intent to distribute, possession of Valium, possession of Viciden, possession of cocaine with intent to distribute, possession of drug paraphernalia, and resisting an officer without violence. All of these charges resulted from the execution of a search warrant obtained by the police to search Wiley’s home on December 13,1995.
The affidavit forming the basis for issuance of the search warrant alleged that a confidential informant had purchased a quarter ounce of marijuana from Wiley in a controlled buy. The search warrant provided a broad description of items for which the officers could search, but did not specifically include firearms and a number of other items. The trial court denied the motion to suppress as it related to contraband drugs, but suppressed all other items seized, including the following: “owe sheets” (ledger sheets) contained in a briefcase (with Wiley’s name thereon), a set of scales, a set of “straw” scales, a plate containing baking soda, and a handgun.
Wiley conceded at the suppression hearing that there was probable cause to support the search for controlled substances, but argued that all items, except the contraband drugs, should be suppressed because these items would have been relevant only to a charge of drug trafficking,[1] as opposed to mere sale or distribution of drugs. Wiley argues that the search warrant authorized a general (and thus illegal) search because the probable cause facts recited only a quarter ounce of *1295 cannabis and failed to adequately specify other items found in the search; that, because the warrant was overbroad in part, the entire warrant was defective. We disagree. The supreme court, recently addressing this issue, said:
As a general rule, American courts have permitted a warrant to include some items not specifically addressed in the affidavit if the overall circumstances of the crime are sufficiently established and the items added are reasonably likely to have evidentia-ry value with regard to the type of crime.
Johnson v. State, 660 So.2d 637, 644 (Fla.1995), cert. denied, — U.S. -, 116 S.Ct. 1550, 134 L.Ed.2d 653 (1996). In our view, it would appear reasonable that items such as “owe” sheets, a briefcase, scales, and similar items would be relevant to the prosecution of Wiley for offenses which include possession with intent to distribute.
The issue of whether the handgun was properly seized was not seriously argued or contested by the State, either in the trial court or on appeal. We therefore affirm on this issue without further discussion.
We accordingly reverse that part of the trial court’s order suppressing the “owe” sheets (ledger sheets), the briefcase in which these sheets were contained, a set of scales, a set of “straw” scales, and a plate containing baking soda on the surface. We affirm the order of the trial court in all other respects.
AFFIRMED in part, REVERSED in part, and REMANDED for consistent proceedings.
MINER and ALLEN, JJ., concur.

. Section 893.135, Florida Statutes (1995), requires more than 100 pounds as the threshold amount for trafficking in cannabis.