816 So.2d 1169 (2002)
STATE of Florida, Appellant,
v.
David CARBONELL and Ivan Carbonell, Appellees.
No. 4D01-695.
District Court of Appeal of Florida, Fourth District.
May 8, 2002.
Rehearing Denied June 10, 2002.
Robert A. Butterworth, Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellant.
Kayo E. Morgan of Kayo E. Morgan, P.A., Fort Lauderdale, for appellees.
WARNER, J.
The state appeals the trial court's suppression of evidence obtained pursuant to a search warrant. The court determined that the affidavit supporting the search warrant was insufficient to support probable cause because the information was based upon a confidential informant whose *1170 reliability was not personally known to the affiant. However, because the affidavit contained other information from which the magistrate could determine there was a fair probability that contraband would be found in the residence, we reverse.
Appellees' residence was searched pursuant to a search warrant issued by a federal magistrate at the behest of Jeffrey Mewbron, a police officer with the City of Sunrise and working with the Drug Enforcement Administration. Mewbron's affidavit related his involvement in an investigation of another drug trafficker, Geovanni Somoza. During his investigation, Mewbron searched Somoza's trash, revealing baggies with cut corners containing cocaine. According to Mewbron's sources, Somoza and appellees were engaged in cocaine trafficking and marijuana distribution. Mewbron stated that after the investigation of Somoza was complete, he observed Somoza's customers arriving at appellees' residence.
Surveillance was set up at appellees' home for about a month before the search warrant was requested. A large volume of "short stay traffic" was observed, which in Mewbron's experience was consistent with drug activity. Furthermore, during this surveillance, officers saw individuals seated on the front porch of the residence smoking what appeared to be marijuana. They also observed individuals leaving the home with packages that appeared to be clear plastic bags containing a white powder substance consistent with cocaine.
A trash pull was conducted at appellees' home that revealed a marijuana stem and several baggies with corners cut in a way common to drug transactions and similar to the baggies found in the trash pulls at the Somoza residence the year before. During the same week of the trash pull at appellees' home, a confidential informant stated that he/she had observed appellees engaged in large scale distribution of cocaine and marijuana from their home. The informant was sent to appellees' home and observed a small packet of cocaine.
Based upon this information, the magistrate issued the warrant, the residence was searched, and drugs and paraphernalia were discovered. After appellees were arrested, they challenged the search on the grounds that Mewbron was not adequately advised of the informant's reliability and that the warrant failed to establish probable cause. The trial court agreed and suppressed the evidence seized at the residence, prompting the state to appeal.
While we agree that the affidavit was insufficient to show Mewbron's knowledge of the reliability of the confidential informant, we conclude that even without the confidential informant's information, the affidavit contained other information sufficient to establish probable cause. Mewbron had observed substantial "shortterm traffic" entering and leaving appellees' residence during the month prior to the issuance of the warrant. He also observed people smoking what appeared to be marijuana on the front porch and others leaving the residence with baggies appearing to contain cocaine. Two days before the issuance of the warrant, a single trash, pull revealed the presence of marijuana and bags cut similar to Mewbron's observations of other drug investigations.
In State v. Mayes, 666 So.2d 165 (Fla. 2d DCA 1995), an affidavit in support of a search warrant contained evidence from a single trash pull revealing the presence of drugs and surveillance of the defendant's residence. The officers observed traffic at the house throughout the day and night. The court held that this evidence was sufficient to support probable cause for the issuance of the warrant. See id. at 166. Again, in Scott v. State, 559 So.2d 269, 272 *1171 (Fla. 4th DCA 1990), we held that a search warrant was supported by probable cause where it was supplemented with information concerning activities at the home prior to a single trash pull which revealed the presence of cocaine. We have twice held, however, that a single trash pull revealing drugs without any additional surveillance by authorities suggesting drug activity at the residence was insufficient to provide probable cause. See Gesell v. State, 751 So.2d 104, 105-06 (Fla. 4th DCA 1999); Raulerson v. State, 714 So.2d 536, 537 (Fla. 4th DCA 1998).
This case is similar to Scott and Mayes. We hold that Mewbron's surveillance combined with the evidence from the trash pull provided sufficient probable cause to issue the warrant without resort to the information provided by the confidential informant. The trial court erred in granting the motion to suppress.
Appellees argue that certain seized documents were beyond the scope of the search warrant. The record reveals that in answer to discovery requests, the state included appellees'"ledgers" as tangible evidence. The search warrant specifically excluded "records pertaining to the illegal sale and distribution of controlled substances." Therefore, the "ledgers" seized during the search should remain suppressed. See Carlton v. State, 449 So.2d 250, 251-52 (Fla.1984). Those exempt records do not include documents that constitute forms of identification, such as passports or traffic citations which may be reasonably seized to provide evidence as to the identity of the occupants and owners of the drugs found therein. See State v. Wiley, 697 So.2d 1294, 1295 (Fla. 1st DCA 1997).
Appellees also contend that a firearm seized in the execution of the search warrant should remain suppressed. The state did not argue against this position at trial, nor has it responded to this issue on appeal. Under similar circumstances in Wiley, the court declined to address this issue and affirmed. See id. We likewise affirm the suppression of the firearm without further comment.
Affirmed in part and reversed in part.
KLEIN and MAY, JJ., concur.