GREEN, J.
April Merrill was convicted and sentenced for possession of cannabis with intent to sell and possession of drug paraphernalia. She appeals the denial of her motion to suppress evidence obtained during a search of her residence pursuant to a warrant and asserts that the supporting affidavit failed to establish probable cause. We disagree and affirm.
The affidavit utilized by the police to obtain the search warrant in its entirety reads as follows:
On 13 August 2001 at approximately 1630 hours, Officer Tara Koenig of the Key West Police Department was working in an undercover capacity with Detectives Frank Zamora, Craig Karch, and your affiant on a narcotics purchase.
Officer Koenig was provided with an audio listening device and given $160.00 pre recorded currency in order to purchase marijuana from a subject known as Zachery Seubarran. At about 1700 hours, officer Koenig met with Seubar-ran at “Stitches” (553 Duval Street) and he stated that he was not currently in possession of the marijuana but that he could call his “supplier” and have some within the hour. This would be an ounce of marijuana for $140.00.
Officer Koenig accompanied Seubar-ran to his apartment on the 500 block of Southard Street, where he retrieved the phone number of his supplier. Officer Koenig observed Seubarran while he dialed the nümber and listened to him as he spoke to a female named “April.” *1176 April stated that she would be at the store (Stitches, 533 Duval Street) within the hour. Officer Koenig told Seubar-ran to call her when the marijuana was delivered.
At approximately 1805, Officer Koenig approached Stitches and was met outside the store by Seubarran. Officer Koenig followed Seubarran into the store. Officer Koenig gave Seubarran the $140.00 pre recorded currency in exchange for the marijuana. Officer Koenig observed Seubarran take the money to the back of the store where patrons are generally not permitted. Officer Koenig left the store and advised us that the only other person that she saw in the store was a black female and appeared to be a tourist.
As Officer Koenig walked toward a parked vehicle, detectives observed a white female with light brown hair, short dred-locks, and a black backpack leaving the store. She walked directly to and got into the drivers seat of a small white Toyota Echo bearing Florida tag F27EBW that was parked on the 500 block of Southard Street.
Detectives surveilled the vehicle as the female drove directly to a residence located at 1222 Third Street in the city of Key West. A registration check of Florida Tag F27EBW revealed that the vehicle was registered to April Rene Merrill (W/F 09/30/1973) of 1219 Third Street Apt. # 1, Key West, Florida.
The marijuana field tested positive and weighed approximately 30.9 grams.
On 20 August 2001, your affiant observed the listed vehicle (white Toyota Echo, FL tag F27EBW) parked on the property directly in front of the residence.
On 21 August 2001, Detectives Karch and Barber conducted surveillance on the listed residence and. observed the listed vehicle (white Toyota Echo, FL tag F27EBW) parked on the property directly in front of the residence.
On 22 August, 2001, Detective Craig Karch, Detective Frank Zamora, and your affiant conducted a refuse recovery at 1222 Third Street in the city of Key West. Detective Craig Karch and your affiant retrieved three white garbage bags from a trash can located curbside in front of 1222 Third Street. Specifically, the trash was placed on the northeast corner of the property. The placement of the trash was consistent with that of other neighbors in the area. The bags, which had been hand tied, were transported to a well lit location and contents examined by Detective Karch, Zamora, and your affiant.
Out of two of the three plastic bags, the following items were recovered and processed:
-One plastic sandwich baggie containing approximately .5 grams green leafy substance (field test positive for Marijuana)
-One empty sandwich baggie container with ash residue
-One direct mail flyer with the address “1222 Third Street Key West, Florida 33040”
The listed vehicle (white Toyota Echo, FL tag F27EBW) was parked on the property directly in front of the residence.
By conducting a search of Merrill’s residence, the police further averred that they hoped to recover more “marijuana and any records, paraphernalia and proceeds associated with the distribution and sale of marijuana.” The search warrant was issued. After a search of Ms. Merrill’s residence yielded a significant amount of marijuana and drug paraphernalia, she was arrested and charged in the instant case.
*1177 The defense filed a motion seeking to suppress the evidence seized in Ms. Merrill’s residence on the grounds that the search warrant was unsupported by probable cause to believe that there was a nexus between her residence and drug activity. The trial court denied the motion and this appeal timely ensued. The appellant’s sole contention here is the same as it was at the trial level, that her motion to suppress should have been granted because the search warrant was not based upon probable cause. We disagree.
Probable cause has been defined as a reasonable ground of suspicion supported by circumstances sufficiently strong to warrant a cautious person in the belief that the person is guilty of the offense charged. See Schmitt v. State, 590 So.2d 404, 409 (Fla.1991). It is to be based upon the totality of the circumstances. See III. v. Gates, 462 U.S. 218, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). As long as a neutral magistrate has a substantial basis for concluding that a search would produce evidence of wrongdoing, the requirement of probable cause is satisfied. See Schmitt, 590 So.2d at 409. In this regard the United States Supreme Court has observed that:
The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the “veracity” and “basis of knowledge” of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a “substantial basis for ... concluding]” that probable cause existed.
See Ill. v. Gates, 462 U.S. at 238-39, 103 S.Ct. 2317.
Thus, confining our analysis to the four corners of the affidavit, as we are obligated, see Schmitt, 590 So.2d at 409 (citations omitted), we must determine whether the totality of the sworn factual averments contained therein created a substantial basis for concluding that probable cause existed. We conclude that they did.
The issuance of a search warrant for a private dwelling is governed by section 933.18, Florida Statutes (2001), which provides, among other things, that no search warrant shall be issued under this chapter or under any other law of this state to search any private dwelling occupied as such unless the law relating to narcotics or drug abuse is being violated therein. See Bonilla v. State, 579 So.2d 802, 805 (Fla. 5th DCA 1991). In this case, we believe that the circumstantial evidence of the appellant’s involvement in the sale of marijuana to the undercover police officer at the store coupled with the contraband and other evidence found during the trash pull outside of the appellant’s residence supported the magistrate’s probable cause determination for the issuance of the search warrant. See State v. Gross, 833 So.2d 777 (Fla. 3d DCA 2002); State v. Carbonell 816 So.2d 1169 (Fla. 4th DCA 2002). Lopez v. State, 775 So.2d 1007 (Fla. 3d DCA 2001); State v. Mayes, 666 So.2d 165 (Fla. 2d DCA 1995); Scott v. State, 559 So.2d 269 (Fla. 4th DCA 1990).
The appellant urges, however, that this case is governed by the holdings in Gesell v. State, 751 So.2d 104 (Fla. 4th DCA 1999); and Raulerson v. State, 714 So.2d 536 (Fla. 4th DCA 1998). In these cases, the Fourth District found that probable cause did not exist for the issuance of a residential search warrant based upon a single trash pull revealing drugs and no additional surveillance by authorities suggesting drug activities at the subject residences. See State v. Carbonell, 816 So.2d *1178 1169, 1171 (Fla. 4th DCA 2002). In relying upon Gesell and Raulerson, the appellant is obviously advancing the argument that the only evidence of drug activity at her home was the single trash pull, and neither the police nor the magistrate was entitled to consider her prior illicit drug activity at the store for purposes of a probable cause determination. In State v. Gross, 838 So.2d 777, 780 (Fla. 3d DCA 2002), we rejected such an argument and said that “... the existence of probable cause is to be determined from the totality of the circumstances, and a prior history of drug offenses is one factor which may be taken into account.” In fact in that case, we found that the prior drug activities of the defendant at an earlier address were matters which could properly be considered for purposes of the issuance of a search warrant for the defendant’s current residence. Id. The appellant’s reliance upon Gesell and Raulerson is therefore misplaced and we conclude that the lower court properly denied her motion to suppress.
Affirmed.